UNITED STATES *v.* FABER (No. 1755).[1]

1. CONSTRUCTION, PARAGRAPH 356, TARIFF ACT OF 1913—"DESIGNED."

In the expression of paragraph 356, tariff act of 1913, "articles valued above 20 cents per dozen designed to be worn on apparel or carried on or about or attached to the person," the words "designed to be" mean something more than susceptible of being. By the use of the word "designed" it must be assumed that Congress intended to include only such articles as were peculiarly and specially fitted for being carried on or about the person and devoted to such use.

2. EVIDENCE—JUDICIAL NOTICE.

The court can take judicial notice that the pencils in this case, having different sizes of lead and different colors, are used by draftsmen and architects, with frequent changes from one to the other; and that ordinarily they would be laid upon the desk ready for frequent shifting from one to the other, or if placed in the pocket for convenience, could not be designed to be carried on the person.

3. PENCILS WITH METAL ATTACHMENT, METAL CHIEF VALUE.

Lead pencils composed in the larger part of wood, but having an attachment of metal, the metal attachment constituting the chief value of the article, are not dutiable under paragraph 356, tariff act of 1913, as "articles * * * designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles," etc. They are dutiable as manufactures of metal under paragraph 167.

United States Court of Customs Appeals, January 22, 1917.

APPEAL from Board of United States General Appraisers, G. A. 7928 (T. D. 36538). [Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.
*Walter Evans Hampton* for appellee.

[Oral argument December 12, 1916, by Mr. Lawrence and Mr. Hampton.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case presents the question of whether certain lead pencils, composed in the larger part of wood, but having an attachment of metal, which constitutes metal chief value, are dutiable under paragraph 356 of the act of 1913 as "articles valued above 20 cents per dozen, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders," etc.

A majority of the board held that the articles did not fall within the provisions of paragraph 356, and that they were dutiable under paragraph 167 as manufactures of metal at the rate of 20 per cent ad valorem.

The Government appeals, and presents the single question above indicated, citing in support of its contention the cases of Gallagher *v.* United States (6 Ct. Cust. Appls., 105; T. D. 35343) and Hensel *v.* United States (6 Ct. Cust. Appls., 162; T. D. 35434).

The evidence in the present case shows that the pencils in question here are used primarily as artists' pencils; that "they are used very extensively by architects and engineers of all sorts, civil engineers, mechanical engineers, draftsmen; by artists, illustrators, and so on"; and that they are sometimes used for marking packages and for office work.

The board stated the conclusion that there is nothing about the appearance of the pencils which indicates that they are designed to be carried on or about or attached to the person any more than there is about the ordinary pencil of wood, and held that while they may be occasionally used for marking packages, and that they may be carried, as the ordinary lead pencil, in the pockets of the users, these facts alone did not justify their assessment at the rate of 60 per cent under paragraph 356.

The dissenting opinion, quoting the finding of the majority opinion that "there is nothing about any of these pencils to indicate that they are designed to be carried on or about the person any more than there is about the ordinary lead pencil of wood," states that that is a fact; but that the ordinary lead pencil of wood is designed to be carried on or about or attached to the person. "The fact of carrying is not a requisite to bring merchandise within the rule established, and these pencils, whether of wood or steel, are designed by shape and size to be so carried."

We think, however, that something more is essential than the fact that an article is so constructed as to be susceptible of being carried or on about the person. By the use of the word "designed" it must be assumed that the Congress intended to include only such articles as were peculiarly and specially fitted for being carried on or about the person and devoted to such use. And so in the leading case of Gallagher *v*. United States, *supra*, stress was laid upon the fact that the statement was directly made by two witnesses at the trial before the board that the pencils thus described are designed to be carried upon the person, in a purse or pocket, and are not designed for desk or office use.

The pencils in that case, it should be noted, were smaller in size than the ordinary wooden lead pencil, and, as was there stated, "can be carried conveniently in a purse or a man's vest pocket." The pencils involved in Hensel *v*. United States, *supra*, were of the same character as those involved in the Gallagher case, except that they were not composed entirely of metal, but were in chief value of metal and in substantial component material of metal.

In the present case it is shown that the uses to which these pencils are devoted are such as do not call for their being carried on or about the person. It is said that they are in fact so carried. The fair inference is that when used by a draftsman or for other office use

they would be laid on the desk of the user. The evidence in the Gallagher case, *supra*, established that the pencils there involved were not so used. The importer offered to show that in use the pencils here involved were in fact not carried in the pocket, as a rule. This testimony was excluded, but we think that the testimony received into the record fairly shows this fact, as the uses which are shown negative any claim that the pencils are carried about the person or in the pocket except temporarily while in actual and constant use. The court can take judicial notice of the fact that these pencils, having different sizes of lead and different colors, are used by draftsmen and architects, with frequent changes from one to the other, and that ordinarily they would be laid upon the desk ready for frequent shifting from one to the other, or if placed in the pocket for convenience would not be designed to be carried on the person. The pocket in such case would be a mere receptacle while the pencils, varying in size and color, were in practically constant use.

The board reached the correct conclusion in this case and the decision is *affirmed*.