UNITED STATES *v.* DRAEGER SHIPPING Co. (No. 2606)[1]

1. CONSTRUCTION, PARAGRAPHS 352, 1451, AND 1428, TARIFF ACT OF 1922—
   MECHANICAL PENCILS—ARTICLES WORN ON PERSON—LEGISLATIVE
   NOTICE OF JUDICIAL DECISIONS.

   Paragraph 352, Tariff Act of 1922, provides for mechanical pencils of base
   metal, and paragraph 1451 for mechanical pencils not specially provided for.
   Paragraph 1428 covers small articles of personal convenience to be worn or
   carried on the person. Former tariff acts contained no specific provisions
   for mechanical pencils, and they were classified as small articles of personal
   convenience to be carried or worn on the person. Congress is presumed to
   have taken notice of this, and to have intended to withdraw mechanical
   pencils from paragraph 1428, placing the cheaper ones in paragraph 352 at
   the lower rate and the more expensive ones in paragraph 1451 at the higher
   rate.

2. RELATIVE SPECIFICITY.

   The specificity of an eo nomine designation is not lessened by a not specially
   provided for clause succeeding it. "Mechanical pencils, not specially pro-
   vided for" (par. 1451, Tariff Act of 1922) is more specific than the provision
   of paragraph 1428 for small articles of personal convenience to be worn or
   carried on the person like the ones named.

3. MECHANICAL PENCILS OF GOLD WITH CLIPS.

   Gold mechanical pencils are dutiable under paragraph 1451, Tariff Act of
   1922, as "mechanical pencils, not specially provided for," and such of them as
   have clips bear also the duty for the clips provided in the paragraph.

United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, G. A. 8976 (T. D. 40827)

[Modified.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence*, special
attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument Oct. 8, 1925, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Dzismbor Bros. entered at New York, through the appellee, in
December, 1923, a consignment of metal pencils. These were classi-
fied for duty by the collector as articles composed of metal, valued
above 20 cents per dozen pieces, designed to be carried on or about
the person, at 80 per centum ad valorem, under paragraph 1428 of the
Tariff Act of 1922. The importer in its protest claimed the goods to
be dutiable under paragraph 352 of said tariff act as mechanical
pencils made of base metal, at 45 cents per gross, and 20 per centum ad
valorem, or under paragraph 1451 as mechanical pencils, not specially
provided for, at 45 cents per gross and 25 per centum ad valorem,
*or those rates plus 25 cents per gross under paragraph 1451.*

---

[1] T. D. 41204.

The Board of General Appraisers sustained the protest and found the goods to be dutiable as alleged therein at 45 cents per gross and 25 per centum ad valorem under said paragraph 1451. From this judgment the Government appeals.

Two exhibits are in the case, which are said to be typical of the entire consignment. Both are shown to be composed of 14-karat gold. Exhibit 1 is a pencil about 7 inches in length, of the ordinary mechanical pencil type, in which a small lead is propelled from the point of the pencil by turning a cap at the opposite end of the pencil. Extra leads can be inserted in the pencil as required.

Attached to the side of this pencil is a small curved metal attachment, presumably for fastening or attaching the pencil to the pocket in which it may be carried. Exhibit 2 is in the same form but shorter, being about 4 inches in length and having attached to the cap at the end of the pencil a small gold ring. The testimony shows these are known to the trade as mechanical pencils and that the same articles, less some modern improvements, have been sold in the trade for many years prior to the approval of the Tariff Act of 1922 and have been known universally to the trade both before and since the approval of said act as mechanical pencils. The evidence also shows that these pencils are designed to be worn on or about the person and that Exhibit 2 is designed to be attached to a watch chain.

The material portions of the competing paragraphs are as follows:

352. * * * mechanical pencils made of base metal and not plated with gold, silver, or platinum, 45 cents per gross and 20 per centum ad valorem: * * *

1428. * * * and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; * * *

1451. Pencils of paper, wood, or other material not metal filled with lead or other material, pencils of lead, crayons, including charcoal crayons or fusains, and mechanical pencils, not specially provided for, 45 cents per gross and 25 per centum ad valorem; pencil-point protectors and clips, whether separate or attached to pencils, 25 cents per gross; * * *

It is conceded the articles are not dutiable under paragraph 352, as they are composed of gold.

Prior to the Tariff Act of 1922 there was no *eo nomine* provision in the law for mechanical pencils. Therefore, whenever a question relative to the dutiable status of such articles arose prior to September 22, 1922, the matter was in each instance decided by reference to the competing provisions of the law then in force.

In *Gallagher & Ascher* v. *United States*, 6 Ct. Cust. Appls. 105, this court considered the classification of certain "pro-repel" lead pencils. In form and mechanism they were much as the articles of

importation before us in the case at bar. In the case cited the contest was between paragraph 167 and paragraph 356 of the tariff act of October 3, 1913. Paragraph 167 provided for articles of metal, not specially provided for. Paragraph 356, the predecessor of paragraph 1428 of the Tariff Act of 1922, was, so far as is material, as follows:

356. * * * and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; * * *

The testimony established in the case cited that the articles were designed to be worn on or about the person. This court held them to be more specifically described as "like articles," in paragraph 356, than under the more general designation of paragraph 167.

Again, in *Hensel* v. *United States*, 6 Ct. Cust. Appls. 162, a like ruling was made.

In *United States* v. *Faber*, 7 Ct. Cust. Appls. 406, also under the tariff act of October 3, 1913, this court had before it mechanical pencils not designed to be carried on the person, but pencils such as artists and mechanics would use. The same paragraphs of the act of 1913 were competing. This court held, affirming the decision of the Board of General Appraisers, that the articles should be classified under paragraph 167.

Thereafter the Tariff Act of 1922 was enacted. In it for the first time, as we have seen, mechanical pencils were named *eo nomine* in two paragraphs, one, paragraph 352, referring to the cheaper grade of such pencils and fixing a duty rate of 45 cents per gross and 20 per centum ad valorem, and the other, paragraph 1451, providing for a higher grade of product and fixing a duty rate of 45 cents per gross and 25 per centum ad valorem.

What is more reasonable to assume than that Congress, being cognizant of the rulings in the cases hereinbefore cited, intended by the *eo nomine* designation of mechanical pencils in the Tariff Act of 1922, to discontinue the practice of classifying mechanical pencils for duty purposes according to whether they were designed to be worn on the person or not, and intended to set up a new method of classification of all mechanical pencils, distinguishing between them by tariff rates proportioned only according to their value? We are convinced this was the congressional intent.

But it is argued by Government counsel that even if the *eo nomine* designation of mechanical pencils in paragraph 1451 might otherwise be more specific than "like articles," in paragraph 1428, the designation "mechanical pencils" in said paragraph 1451 is limited by the succeeding language, "not specially provided for," and that, as

these articles are specifically provided for in said paragraph 1428, they, therefore, do not come within the purview of paragraph 1451.

In our opinion, this deduction is not justifiable. We have repeatedly held that the specificity of an *eo nomine* designation is not lessened by a not specially provided for clause succeeding it. *Knauth* v. *United States*, 4 Ct. Cust. Appls. 58; *Lowenthal* v. *United States*, 6 Ct. Cust. Appls. 209 (218). But without an appeal to this doctrine it is manifest the phrase "not specially provided for," in paragraph 1451, is intended to include all mechanical pencils not specially provided for in paragraph 352.

Somewhat similar questions were before this court in *United States* v. *European Watch & Clock Co.*, 11 Ct. Cust. Appls. 363, and *Kresge Co.* v. *United States*, 11 idem, 396.

It follows, therefore, that the court below did not err in holding the pencils in question were properly classifiable as mechanical pencils under said paragraph 1451.

It only remains to be seen whether error was committed in failing to order the assessment of duties on the articles of importation at 25 cents per gross under the provision, "pencil point protectors, and clips, whether separate or attached to pencils, 25 cents per gross." We have seen that Exhibit 1 has attached to it a small metal device, presumably for attaching the pencil to a pocket. The testimony shows that the first five items on the invoice filed with the entry describe pencils having devices like this attached; in other words, 103 of the 145 pencils invoiced and entered are so fitted, the remaining 42 being as Exhibit 2, and without such devices. In its protest filed below importer claimed alternatively that his merchandise was dutiable under "paragraph 1451 at only 45 cents per gross and 25 per centum ad valorem, or those rates plus 25 cents per gross under paragraph 1451."

It will thus be seen that the importer himself admitted the dutiability of these fastening devices and that the question of their dutiability was properly before the court below. No evidence on this subject was produced before the board, and the board, in rendering judgment, ignored this branch of the case. Error was properly assigned by the Government in its effort to bring the point to the attention of this court.

Aside from the suggestion of importer in its protest, we have nothing before us but the sample, Exhibit 1. Webster's New International Dictionary, 1925, thus defines "clip:" "A device for clasping and holding tightly." The device attached to Exhibit 1 falls within this definition. It is plainly intended to clasp and hold the cloth of a pocket or some similar material to hold the pencil. An assessment of duty at the rate of 25 cents per gross should have been made against that portion of the pencils in question here to which clips were attached.

For this reason, we are obliged to modify the judgment of the court below and the cause is remanded for further proceedings in conformity with this opinion.

*Modified.*