BIER *v.* UNITED STATES (No. 2754)[1]

United States Court of Customs Appeals, April 4, 1927

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Thomas J. Canty,* special attorneys, of counsel), for the United States.

[Oral argument December 15, 1926, by Mr. Tompkins and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Paragraph 352 of the Tariff Act of 1922, among other things, provides for—

Mechanical pencils made of base metal and not plated with gold, silver, or platinum, 45 cents per gross and 20 per centum ad valorem:

Paragraph 1428 of the act contains a provision for—

* * * and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders * * * and like articles * * * 80 per centum ad valorem.

The merchandise in the case was described in the entry as—

Articles of metal to be carried on the person. Combination pencil and cigar lighters.

The collector assessed duty under the quoted provision of paragraph 1428 against which importer protested.

The material part of his report to the Board of General Appraisers, now the United States Customs Court, is as follows:

Description of Merchandise and Assessment—Mechanical Pencils Containing Lighters—Reasons and Authority for Action.

This merchandise consisted of lead pencils of base metal, known to the trade as "mechanical pencils," with cigar and cigarette lighter attached, and are specifically provided for under paragraph 352 at 45¢ per gross and 20% ad valorem.

[1] T. D. 42133.

When the case came on for hearing before the board, importer offered in evidence typical exhibits of the merchandise and called a witness who testified as follows:

Q. Are these goods invoiced as combination pencils?—A. Yes, sir.
Q. Base metal?—A. Base metal.

The case was thereupon submitted for decision.

In substance the board held that the assessment of the collector placed upon the importer the burden of proving that the merchandise was mechanical pencils and that the evidence submitted on importer's behalf did not sustain that burden, for which reason the protest was overruled.

In this court importer contends that the record, as hereinbefore recited, is sufficient to show that the merchandise consists of mechanical pencils of the kind provided for in paragraph 352, urging that the samples themselves in connection with the collector's report and the testimony sustained that contention.

In order to make out his case it was, at least, necessary for the importer to show by a fair balance of testimony that the merchandise was mechanical pencils of base metal, not plated with gold, silver, or platinum.

The report of the collector, it may be admitted for the purposes of this case, establishes that they are mechanical pencils of base metal, but it goes no further. The testimony given on behalf of importer adds nothing to this. There is no proof that these mechanical pencils are not plated with gold, silver, or platinum, unless we can say from inspection of the exhibits themselves that thereby such fact is proven. An examination thereof indicates to us that a material part thereof is plated with something. What it is we do not know. To prevail, importer should have shown either that what seems to be plating is not, or if plating, that it is not gold, silver, or platinum.

Failing in this, it follows that the judgment below ought to be and it is *affirmed*.