UNITED STATES *v.* SYDNEY KANN & Co. (No. 3515)[1]

[1] T. D. 45702.

United States Court of Customs and Patent Appeals, May 2, 1932

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument April 11, 1932, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved is represented by a sample which bears the appearance externally of being a metal mechanical pencil having the ordinary attachment or clip for fastening or holding same in the pocket. When the top portion is removed a cigar or cigarette lighter is disclosed.

Classification was made by the collector and combination rates of duty, said by appellee to be "equivalent to 110 per centum ad valorem," were assessed under paragraph 1527 of the Tariff Act of 1930, which makes provision for—

Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including * * * cigar lighters * * * and like articles * * *.

Appellee protested, claiming the merchandise to be properly classifiable under paragraph 1550 (c) of said act, as—

Mechanical pencils, 45 cents per gross and 40 per centum ad valorem.

The protest was sustained by the Customs Court and the Government has appealed.

But one witness was examined as to the character of the merchandise. He testified that he had handled articles similar to the sample during September, October, and November, 1930, selling them to jobbers, and that he had heard them referred to only as mechanical pencils.

In its opinion the Customs Court directed attention to the fact that paragraph 1550 (a) covers—

*Combination* penholders, comprising penholders, *pencils*, rubber eraser, automatic stamp, *or other attachments* * * *. (Italics quoted.)

It was further stated that—

The plaintiff testifies that a mechanical pencil with cigar lighters is a mechanical pencil. This fact is not denied. The mere appearance of this article of itself indicates it is a mechanical pencil. It is only when the two parts are separated that the lighter portion is disclosed. We must give some weight to the provision for combination penholders with pencils and other attachments in paragraph 1550 (a), although these articles are not claimed as such, as all the articles men-

tioned in the three sections of paragraph 1550 are in the same class, viz, the class of writing implements, and mechanical pencils with cigar-lighter attachments are certainly *ejusdem generis* with "combination penholders" with pencil "*or other attachments.*" (Italics quoted.)

It is the contention of the Government that the articles at issue are novelties; that the cigar-lighter attachment is not such an attachment as was contemplated in subparagraph (a) of said paragraph 1550; that if the article in question is a cigar lighter, even if combined with something else, it is still an article of metal, such as a cigar lighter, designed to be worn on apparel or carried about the person, and that even if the article in question were equally provided for in both contesting paragraphs the higher rate of duty would prevail under that portion of paragraph 1559 of said tariff act which reads as follows:

If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates.

The brief in behalf of the Government cites the cases of *United States* v. *Draeger Shipping Co.*, 13 Ct. Cust. Appls. 265, T. D. 41204, and *Bier* v. *United States*, 15 Ct. Cust. Appls. 21, T. D. 42133.

The facts in those cases are not, in our opinion, sufficient to be controlling in the case at bar, but it seems to us that under the record before us the Government's contentions upon the merits are sound.

All three subparagraphs of said paragraph 1550 of the Tariff Act of 1930 apparently deal with articles relating to the art of writing, and it seems to us that the fair construction of the words "other attachments" in subparagraph (a) is that such attachments must be *ejusdem generis* with rubber erasers and automatic stamps when combined with the penholders therein described. We are unable to agree that cigar lighters meet this test.

However this may be, there is no provision for attachments of any character in connection with the mechanical pencils provided for in subparagraphs (c) under which appellee claims.

The proof in the case throws no light upon the question of whether the pencil portion or the lighter portion of the article is the dominant feature, but certainly the addition of the lighter feature adds something to the pencil and creates a combination article not specifically described in any part of paragraph 1550.

It seems to us that under this state of facts the articles in question were properly classified by the collector or that, at least, there is no evidence produced sufficient to overcome the presumption of correctness which attaches to that classification.

The judgment of the United States Customs Court is, therefore, *reversed.*