(C. D. 1389)

## Max B. Heim Corp. *v.* United States

United States Customs Court, First Division

(Decided February 15, 1952)

*Barnes, Richardson & Colburn* (*Edward N. Glad* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge:  The merchandise involved in this case, conceded to be spangles in chief value of gelatin, was assessed with duty at the rate of 27½ per centum ad valorem under paragraph 1503 of the Tariff Act of 1930 (as modified by the President's proclamation, T. D. 51898), as spangles, not specially provided for.  The plaintiff claims these spangles properly dutiable at the rate of 15 per centum ad valorem under paragraph 41 of the same act (as modified by the General Agreement on Tariffs and Trade, T. D. 51802), as "*   *   * manufactures, wholly or in chief value of gelatin *   *   *."

A sample of these spangles is before us (plaintiff's exhibit 1).  A chemical analysis in evidence (plaintiff's exhibit 2) describes the merchandise as follows: "The sample consists of a string of beads or spangles made of hardened gelatine (99.7%) and coated with a lacquer of cellulose nitrate compound (0.3%)."

The pertinent parts of the tariff paragraphs in question are as follows:

PAR. 1503.  Spangles and beads, including bugles, not specially provided for, 35 per centum ad valorem *   *   *.  [The rate on spangles was reduced to 27½ per centum ad valorem by virtue of Presidential proclamation, T. D. 51898.]

PAR. 41.  *   *   * and manufactures, wholly or in chief value of gelatin *   *   *   25 per centum ad valorem.  [By virtue of the General Agreement on Tariffs and Trade, T. D. 51802, this rate of duty was reduced to 15 per centum ad valorem.]

The issue herein is one of law; whether the imported spangles, concededly in chief value of gelatin, are properly dutiable as "Spangles *   *   *   not specially provided for" (paragraph 1503), as assessed, or as "manufactures, wholly or in chief value of gelatin" (paragraph 41), as claimed.

The plaintiff contends that the legislative history of the spangle paragraphs in the various tariff acts indicates an intent on the part of Congress to exclude from the present spangle paragraph (paragraph 1503), such spangles as are composed of gelatin and to relegate such spangles to the provision of paragraph 41 of the present act which provides for manufactures, wholly or in chief value of gelatin.

Plaintiff maintains that this legislative intent is indicated by changes in the language of the present and predecessor tariff acts with respect to the provisions therein for spangles and beads, and articles composed of spangles and beads.

Paragraph 333 of the Tariff Act of 1913 reads:

Beads and spangles of all kinds, including imitation pearl beads * * * 35 per centum ad valorem; * * * articles * * * not specially provided for in this section, composed wholly or in chief value of beads or spangles made of * * * gelatin * * * 50 per centum ad valorem.

In the 1922 act, the above wording was changed to read:

PAR. 1403. Spangles and beads, including bugles, but not including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones, 35 per centum ad valorem; beads of ivory, 45 per centum ad valorem; fabrics and articles * * * composed wholly or in chief value of beads or spangles other than imitation pearl beads and beads in imitation of precious or semiprecious stones, 60 per centum ad valorem; imitation pearl beads * * * 60 per centum ad valorem; all other beads in imitation of precious or semiprecious stones * * * 45 per centum ad valorem * * *.

In the 1930 act, further modification was made in the wording, the present act reading:

PAR. 1503. Spangles and beads, including bugles, not specially provided for, 35 per centum ad valorem; beads of ivory, 45 per centum ad valorem; fabrics and articles * * * composed wholly or in chief value of beads or spangles (other than imitation pearl beads, beads in imitation of precious or semiprecious stones, and beads in chief value of synthetic resin), 60 per centum ad valorem; hollow or filled imitation pearl beads * * * 60 per centum ad valorem; imitation solid pearl beads * * *; iridescent imitation solid pearl beads * * *; beads composed in chief value of synthetic resin * * *; all other beads in imitation of precious or semiprecious stones * * * 45 per centum ad valorem * * *.

From the above, it appears that the Tariff Act of 1922 eliminated the provision for "articles * * * composed wholly or in chief value of * * * spangles made of * * * gelatin" and also eliminated the phrase "of all kinds" after the provision for "Spangles and beads" in paragraph 1403 of the 1922 act, which provisions had appeared in paragraph 333 of the Tariff Act of 1913. Furthermore, the phrase "not specially provided for" after the designation for "Spangles and beads" was added in paragraph 1503 of the 1930 act.

The Government contends that the above changes do not indicate a congressional intent to take out of the *eo nomine* provision for spangles in the present act such as are composed wholly or in chief value of gelatin. It further maintains that the provision in the present act for "Spangles * * * not specially provided for," (paragraph 1503) is more specific than the general provision for "manufactures * * * of gelatin" contained in paragraph 41.

We find nothing in the legislative history of the paragraphs in question to indicate that it was the intent of Congress to transfer gelatin spangles from the spangle paragraph (paragraph 1503) to the provision for manufactures of gelatin (paragraph 41), Tariff Act of 1930.

With respect to the elimination in the Tariff Act of 1922 of the provision for "* * * articles * * * not specially provided for * * * composed wholly or in chief value of * * * spangles made of * * * gelatin," (which provision had appeared in paragraph 333, Tariff Act of 1913), paragraph 1403 of the Tariff Act of 1922 provided for articles composed wholly or in chief value of spangles, without any limitation as to the material of which they were composed. It would appear that the absence of any limitation in that respect indicated an intent on the part of Congress to have all articles composed wholly or in chief value of spangles dutiable under paragraph 1403 of that act, irrespective of the material of which they were composed.

We further find no particular significance in the dropping from paragraph 1403 of the Tariff Act of 1922 the phrase "of all kinds" with reference to spangles and beads, which phrase had appeared in the 1913 act. In paragraph 333 of the Tariff Act of 1913, Congress had provided for "Beads and spangles of all kinds," *including* imitation pearl beads, at 35 per centum ad valorem. In dropping the phrase "of all kinds" from paragraph 1403 of the Tariff Act of 1922, Congress provided for spangles and beads, including bugles, but *not* including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones, at the same rate of duty, viz, 35 per centum ad valorem. It then specifically provided for these latter types of beads at higher rates of duty. We are of opinion that the dropping of the phrase "of all kinds" from the Tariff Act of 1922 (paragraph 1403) was to indicate that spangles and beads, including bugles, were to be classified at the 35 per centum rate of duty, but that such rate was not to include beads of ivory, or imitation pearl beads and beads in imitation of precious or semiprecious stones, which were specifically provided for in paragraph 1403 of the Tariff Act of 1922 at higher rates.

As hereinbefore indicated, the Tariff Act of 1922 provided for "spangles" and "beads" at the rate of 35 per centum ad valorem. Under the same act, paragraph 42 provided for "manufactures, wholly or in chief value of gelatin" at a rate of 25 per centum ad valorem. The Tariff Act of 1930, in paragraph 1503, provided for "Spangles and beads * * * not specially provided for," still at the rate of 35 per centum ad valorem. Paragraph 41 of the Tariff Act of 1930 provides for "manufactures, wholly or in chief value of gelatin" at the rate of 25 per centum ad valorem, which is the same rate as in the Tariff Act of 1922. As Congress did not make any change in the rates of duty on manufactures of gelatin in the 1922 and 1930 acts, and as no changes in the rates were made in these acts for spangles, it would appear that Congress did not intend to have "spangles" dutiable under the provision for manufactures of gelatin.

We are further of opinion that Congress, in providing in paragraph 1503 of the present act for "Spangles and beads * * * not specially provided for," and then specially providing in the same paragraph for various other kinds of beads, intended by the limiting clause "not specially provided for" in the present paragraph 1503 to obviate any conflict with respect to the classification of those beads which were otherwise specially provided for at higher rates of duty in the same paragraph.

The effect and purpose, generally speaking, of a "not specially provided for" provision was considered in the case of *United States* v. *Snow's United States Sample Express Co.*, 6 Ct. Cust. Appls. 120, T. D. 35388, wherein our appellate court stated:

> The presence of this term in a given paragraph advises the customs authorities that merchandise otherwise within the paragraph *may* be elsewhere classified, because elsewhere provided for. If the provision found elsewhere is *eo nomine*, and the one in which the above term is found is general, the *eo nomine* provision will control, because the more specific, and an *eo nomine* provision is not *per se* shorn of its controlling force because it is coupled with the expression "not otherwise specially provided for." Movius *v.* Arthur (95 U. S., 144); Arthur *v.* Lahey (96 U. S., 112); Chew Hing Lung *v.* Wise (176 U. S., 156); Krauss *v.* United States (2 Ct. Cust. Appls., 17; T. D. 31574).

> Government counsel, however, misapprehends the law in its claim that because the term "not otherwise specially provided for" is found in paragraph 256 the merchandise here can not be classified thereunder if any other applicable provision therefor can be found.   [Italics quoted.]

The principles enunciated in the *Snow's* case, *supra*, were adopted in *United States* v. *Garlock Packing Co.*, 32 C. C. P. A. (Customs) 79, C. A. D. 289, the court therein holding that the provision in paragraph 216 of the Tariff Act of 1930 for "articles or wares, composed wholly or in part of graphite," although accompanied by the clause "not specially provided for," was a more specific designation for certain so-called engine packing, composed in chief value of asbestos yarn, 2 per centum or more of graphite, and varying percentages of oil, than was the provision in paragraph 1501 (a) of the same act for "manufactures of yarn of asbestos or of asbestos and any other spinnable fiber." The court stated that the subject of the provision in paragraph 1501 (a), *supra*, is not yarn, slivers, etc., but is "all manufactures of" yarn, slivers, etc., composed wholly of asbestos, or partly of asbestos and any other spinnable fiber, and that such provision is not an *eo nomine* provision for yarn, but is merely descriptive of the articles or materials intended to be covered thereby.   In its holding, our appellate court in the *Garlock* case, *supra*, stated that the trial court had correctly held that the clause "not specially provided for" lessens the relative specificity of a provision only where the competing provisions are otherwise equally applicable to involved merchandise, or where the merchandise is *eo nomine* provided for in a competing provision.   It is well settled that if an article is more specifically de-

scribed in a paragraph containing the "not specially provided for" clause than in a paragraph not containing such clause, the presence of the clause in the one paragraph will not have the effect of excluding the article from the paragraph where it is more specifically provided for. *United States* v. *Herman H. Sticht & Co.*, 22 C. C. P. A. (Customs) 40, T. D. 47048.

In the case at bar we are dealing with the *eo nomine* provision for "Spangles and beads * * * not specially provided for" which first appeared in the Tariff Act of 1930 (paragraph 1503). The *eo nomine* provision for "spangles" in paragraph 1503 of the Tariff Act of 1930 is more specific than the catch-all provision for "manufactures, wholly or in chief value of" gelatin contained in paragraph 41 of the present act.

In *Louis Metzger & Co.* v. *United States*, 146 Fed. 132, the Circuit Court of Appeals, Second Circuit, in a *per curiam* decision held that the provision in paragraph 408 of the Tariff Act of 1897 for "fabrics * * * and other articles, not specially provided for * * * composed wholly or in part of * * * spangles made of * * * gelatin" was more specific than the provision in paragraph 450 of the said act for "Manufactures of * * * gelatin." The court therein affirmed a decision of the lower court (*Same* v. *Same*, 141 Fed. 381), wherein certain hat crowns composed chiefly of gelatin spangles were held dutiable under the provisions of paragraph 408, *supra*, and as to which merchandise the lower court stated:

> These articles are in a general way of the same character as the class of materials considered under paragraph 408, and, as the designation is more specific than the general catch-all provision in paragraph 450 * * * for manufactures of gelatin, the decision of the Board of General Appraisers should be affirmed.

In *International Forwarding Company* v. *United States*, 13 Treas. Dec. 497, T. D. 28103, the merchandise in question consisted of certain beaded bags composed of a cotton fabric, cut and fashioned into shape, having a metal frame with a chain attached to complete the bag. The exterior surface of the fabric was covered with glass beads. The court held the articles were dutiable, as assessed, under paragraph 408 of the Tariff Act of 1897 as articles composed wholly or in chief value of beads, rather than under paragraph 193 of the same act for "Articles or wares not specially provided for * * * composed wholly or in part of iron * * * or other metal." In so holding, the court stated:

> It is an elementary principle in the construction of the tariff that a provision for a designated article is more specific than that for a material.

The competition in the present case is between the *eo nomine* designation for "spangles" (paragraph 1503) and a general provision for manufactures of gelatin (paragraph 41). The former is the more specific.

The plaintiff in its brief directs our attention to *United States* v. *Downing*, 1 Ct. Cust. Appls. 337, T. D. 31434, wherein the court held that a provision for "manufactures of" is a specific designation for tariff construction. It then contends that it follows that spangles, being specifically designated as manufactures of gelatin, would not be "not specially provided for," so that gelatin spangles would not be dutiable under paragraph 1503 as spangles, not specially provided for. However, "spangles" are not specifically designated as "manufactures of gelatin" and the clause "not specially provided for" contained in paragraph 1503 of the present act does not, therefore, exclude the merchandise in question from the *eo nomine* provision therein for "spangles," which is a more specific designation than manufactures of gelatin.

For the reasons set forth above, we hold the gelatin spangles at bar to be properly dutiable under paragraph 1503, Tariff Act of 1930, as modified by the President's proclamation, T. D. 51898, under the *eo nomine* provision therein for "Spangles * * * not specially provided for" at the rate of 27½ per centum ad valorem, as assessed. The protest is overruled and judgment will be issued accordingly.