(C. D. 1909)

BLUEFRIES NEW YORK, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 22, 1957)

*Michael Stramiello, Jr.*, for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: This case has been submitted to the court for disposition upon a written stipulation, the following portions of which contain the facts pertinent to our decision herein:

1. The items of merchandise covered by the above-numbered protest which are marked "A" and initialed JJO on the invoice covered by said protest were appraised * * * on the basis of American selling price * * * and upon liquida-

tion were classified by the Collector of Customs as synthetic resin-like products under the provisions of paragraph 28 (a) * * * and duty was assessed at the compound rates of 3½ cents per pound and 22½ per centum ad valorem.

2. The items of merchandise marked and initialed as aforesaid are mixtures consisting in part of a product provided for in paragraph 28 of the Act and are also varnishes within the provision for "all other varnishes, * * *, not specially provided for," in paragraph 75 of the aforementioned Tariff Act.

3. * * * if it is found and held that paragraph 75 of the Tariff Act of 1930 providing for "all other varnishes, * * *, not specially provided for," is more specific than the provisions for "mixtures, including solutions, consisting in whole or in part of any of the articles or materials provided for in this paragraph, excepting mixtures of synthetic odoriferous or aromatic chemicals," in paragraph 28 (a) of the said Tariff Act, the appraisement of the merchandise here involved on the basis of American selling price was not made in accordance with provisions of law providing for the valuation basis to be used in the appraisement of imported merchandise classifiable under the provisions of paragraph 75 of the Tariff Act of 1930.

4. In such event * * * the instant matter is to be remanded for further proceedings to a single judge sitting in reappraisement pursuant to the provisions of Title 28 U. S. C. section 2636 (d), for determination of the dutiable value of the involved merchandise in the manner provided by law.

5. There are no pigments in the mixture which constitutes the items of merchandise marked and initialed as aforesaid.

The statutes involved read as follows:

PAR. 75. * * * and all other varnishes, including so-called gold size or japan, not specially provided for, 25 per centum ad valorem. [Rate reduced to 10 per centum ad valorem by the General Agreement on Tariffs and Trade, T. D. 51802.]

PAR. 28. Coal-tar products:

(a) * * * and all mixtures, including solutions, consisting in whole or in part of any of the articles or materials provided for in this paragraph, excepting mixtures of synthetic odoriferous or aromatic chemicals, 45 per centum ad valorem and 7 cents per pound.

The merchandise under consideration is invoiced as "SIGMAVAR" and is described in defendant's brief as "a synthetic product in liquid form which, when sprayed onto the surface of some material, hardens into a surface coating."

The parties agree that the issue presented for decision is one of law to be resolved by determining the relative specificity of paragraphs 28 (a) and 75 of the Tariff Act of 1930 as applied to the imported merchandise.

The plaintiff and the Government also agree, in their briefs, that the provision for varnishes in paragraph 75 of the tariff act is to be construed as an eo nomine one, and not as a use provision, citing the holdings in the cases of F. W. Myers & Co., Inc. v. United States, 20 Cust. Ct. 152, C. D. 1100, and Same v. Same, 24 Cust. Ct. 178, C. D. 1228, as authorities for that construction.

Paragraph 28 (i) of the Tariff Act of 1930 provides that "Any article or product which is within the terms of paragraph 1, 5, 37, 39, 60, 66, 82, or 1687, as well as within the terms of paragraph 27,

28, or 1651, shall be assessed for duty or exempted from duty as the case may be under paragraph 27, 28, or 1651." In *United States* v. *Alex. Murphy & Co.*, 16 Ct. Cust. Appls. 461, T. D. 43210, our appellate court construed a proviso contained in paragraph 28 of the Tariff Act of 1922, substantially the same as that found in paragraph 28 (i) of the present act. The court therein, page 464, stated:

* * * The obvious purpose of inserting in the proviso the various paragraphs mentioned was to accomplish just what the proviso declares, namely, that in cases where the merchandise is within the mentioned paragraphs, as well as within paragraph 27, 28, or 1549, the provisions of the three last-mentioned paragraphs shall govern, but as to any other paragraph not named the terms of which may include merchandise also within said three paragraphs *the more specific provision shall control.* [Italics supplied.]

Accordingly, as indicated by the parties herein, and in view of the rule enunciated in the *Murphy* case, *supra*, the question here for determination concerns the relative specificity of paragraphs 75 and 28 (a) of the act as applied to the imported merchandise.

The case of *United States* v. *Lansen-Naeve Corp.*, 44 C. C. P. A. (Customs) 31, C. A. D. 632, relied upon by the defendant, has no application to the issue before us. There, certain ground and polished cylindrical steel rolls, classified under paragraph 344 of the Tariff Act of 1930 as "Cylindrical steel rolls ground and polished," were claimed properly classifiable under paragraph 372 of the act, as modified, as parts of machine tools, not specially provided for. The issue in the *Lansen-Naeve Corp.* case, *supra*, was stated by the appellate court as follows:

* * * the case resolves itself purely into a matter of law as to which of the two provisions, *supra*, more aptly describes the merchandise.

The appellate court then proceeded as follows:

The lower court, invoking the principle that a use provision prevails over a descriptive or *eo nomine* provision, *United States* v. *Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T. D. 37611, and cases therein cited, subordinated paragraph 344, *supra*, to paragraph 372, holding the latter to be one for a specific use while the former is obviously descriptive.

The court then stated:

This rule, however, cannot be applied to the instant situation. The narrow issue confronting this court is not whether a use provision should prevail over a descriptive provision, but whether a use provision *qualified by a not specially provided for clause* should prevail over a competing descriptive designation. [Italics quoted.]

Our appellate court, citing authorities, stated that, subject to clearly shown contrary legislative intent, a "not specially provided for" clause in a use provision excludes therefrom articles enumerated elsewhere by descriptive or *eo nomine* designation. It, accordingly, held that the involved steel rolls, in view of the absolute specificity of the descriptive provision, were specially provided for in paragraph 344 and should, therefore, be excluded from paragraph 372.

Unlike the situation in the *Lansen-Naeve Corp.* case, *supra*, we are not confronted with a use provision qualified by a "not specially provided for" clause, as opposed to a descriptive or *eo nomine* designation. The controversy here is between an *eo nomine* provision qualified by a "not specially provided for" clause and a provision descriptive of a class of merchandise and not containing such clause. Under the stipulation entered into between the parties, it is agreed that the involved items are mixtures, consisting in part of a product provided for in paragraph 28 of the act, and are also "varnishes" within the provision for "all other varnishes * * * not specially provided for."

Both this and our appellate court have, on numerous occasions, construed the applicability to imported merchandise of a provision containing a "not specially provided for" clause.

In *Drakenfeld & Co.* v. *United States*, 9 Ct. Cust. Appls. 124, T. D. 37979, the court pointed out that the general rule that the presence of the "not specially provided for" clause in one of two competing provisions and its absence from the other may effect the classification of the merchandise under the provision which lacks it applies only where the goods are *equally* included within each of the competing provisions.

In *Max B. Heim Corp.* v. *United States*, 28 Cust. Ct. 62, C. D. 1389, at page 66, the court stated:

The effect and purpose, generally speaking, of a "not specially provided for" provision was considered in the case of *United States* v. *Snow's United States Sample Express Co.*, 6 Ct. Cust. Appls. 120, T. D. 35388, wherein our appellate court stated:

The presence of this term in a given paragraph advises the customs authorities that merchandise otherwise within the paragraph *may* be elsewhere classified, because elsewhere provided for. If the provision found elsewhere is *eo nomine*, and the one in which the above term is found is general, the *eo nomine* provision will control, because the more specific, and an *eo nomine* provision is not *per se* shorn of its controlling force because it is coupled with the expression "not otherwise specially provided for." Movius *v.* Arthur (95 U. S., 144); Arthur *v.* Lahey (96 U. S., 112); Chew Hing Lung *v.* Wise (176 U. S., 156); Krauss *v.* United States (2 Ct. Cust. Appls., 17; T. D. 31574).

Government counsel, however, misapprehends the law in its claim that because the term "not otherwise specially provided for" is found in paragraph 256 the merchandise here can not be classified thereunder if any other applicable provision therefor can be found. [Italics quoted.]

The principles enunciated in the *Snow's* case, *supra*, were adopted in *United States* v. *Garlock Packing Co.*, 32 C. C. P. A. (Customs) 79, C. A. D. 289, the court therein holding that the provision in paragraph 216 of the Tariff Act of 1930 for "articles or wares, composed wholly or in part of graphite," although accompanied by the clause "not specially provided for," was a more specific designation for certain so-called engine packing, composed in chief value of asbestos yarn, 2 per centum or more of graphite, and varying percentages of oil, than was the provision

in paragraph 1501 (a) of the same act for "manufactures of yarn of asbestos or of asbestos and any other spinnable fiber." The court stated that the subject of the provision in paragraph 1501 (a), *supra*, is not yarn, slivers, etc., but is "all manufactures of" yarn, slivers, etc., composed wholly of asbestos, or partly of asbestos and any other spinnable fiber, and that such provision is not an *eo nomine* provision for yarn, but is merely descriptive of the articles or materials intended to be covered thereby. In its holding, our appellate court in the *Garlock* case, *supra*, stated that the trial court had correctly held that the clause "not specially provided for" lessens the relative specificity of a provision only where the competing provisions are otherwise equally applicable to involved merchandise, or where the merchandise is *eo nomine* provided for in a competing provision. It is well settled that if an article is more specifically described in a paragraph containing the "not specially provided for" clause than in a paragraph not containing such clause, the presence of the clause in the one paragraph will not have the effect of excluding the article from the paragraph where it is more specifically provided for. *United States* v. *Herman H. Sticht & Co.*, 22 C. C. P. A. (Customs) 40, T. D. 47048.

We are of opinion that the principles enunciated in the *Drakenfeld & Co.* and *Max B. Heim Corp.* cases, *supra*, and in the cases cited in the latter are applicable to the present situation. In the case at bar, the provision in paragraph 28 (a) of the Tariff Act of 1930 for "all mixtures, including solutions, consisting in whole or in part of any of the articles or materials" provided for in said paragraph is one of general or class description and cannot take precedence over the *eo nomine* provision for "varnishes" contained in paragraph 75 of the act, even though the latter paragraph contains a "not specially provided for" clause. The paragraphs under consideration are not equally applicable to the involved merchandise, and the importation at bar is more specifically provided for under the provisions of paragraph 75 of the act.

In *United States* v. *Draeger Shipping Co.*, 13 Ct. Cust. Appls. 265, T. D. 41204, certain mechanical pencils were classified as articles, composed of metal, valued above 20 cents per dozen pieces, designed to be carried on or about the person, at 80 per centum ad valorem under paragraph 1428 of the Tariff Act of 1922. The importer claimed the goods properly dutiable under paragraph 352 of said act as mechanical pencils, made of base metal, or under paragraph 1451 as mechanical pencils, not specially provided for. It was conceded that the articles were not dutiable under paragraph 352, as they were composed of gold. It appears that, prior to the Tariff Act of 1922, there was no *eo nomine* provision in the law for mechanical pencils. Under the said act, mechanical pencils were named *eo nomine* in two paragraphs, one, paragraph 352, referring to the cheaper grade of such pencils and fixing a duty rate of 45 cents per gross and 20 per centum ad valorem, and the other, paragraph 1451, providing for a higher grade of product and fixing a duty rate of 45 cents per gross and 25 per centum ad valorem. In holding the involved merchandise

properly dutiable under paragraph 1451, the appellate court, in the *Draeger Shipping Co.* case, *supra*, page 268, stated:

* * * We have repeatedly held that the specificity of an *eo nomine* designation is not lessened by a not specially provided for clause succeeding it. *Knauth* v. *United States,* 4 Ct. Cust. Appls. 58; *Lowenthal* v. *United States,* 6 Ct. Cust. Appls. 209 (218). But without an appeal to this doctrine it is manifest the phrase "not specially provided for," in paragraph 1451, is intended to include all mechanical pencils not specially provided for in paragraph 352.

The situation in the case at bar, with respect to the presence of the "not specially provided for" clause in paragraph 75, is analogous to that which obtained in the *Draeger Shipping Co.* case, *supra.* Here, it may be observed that paragraph 75 provides for certain specially described varnishes, namely, "spirit varnishes containing less than 5 per centum of methyl alcohol" and "spirit varnishes containing 5 per centum or more of methyl alcohol" and then additionally provides for "all other varnishes * * * not specially provided for." It seems clear that the phrase "not specially provided for" in the latter provision refers to and is intended to include varnishes which are not "spirit varnishes" provided for in the other portions of the paragraph.

For the reasons stated aforesaid, we are of opinion and hold that the merchandise in question is more specifically provided for and is properly classifiable under paragraph 75 of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, at the rate of 10 per centum ad valorem under the provision therein for "all other varnishes * * * not specially provided for," as claimed, rather than under the provision in paragraph 28 (a) of the act for "all mixtures, including solutions, consisting in whole or in part of any of the articles or materials provided for in this [par. 28] paragraph," under which it was classified.

Since the involved merchandise is more specifically provided for under the provisions of paragraph 75 of the Tariff Act of 1930 for "all other varnishes * * * not specially provided for," rather than under the provision in paragraph 28 (a) of the act for all mixtures, including solutions, consisting in whole or in part of any of the articles or materials provided for in paragraph 28, appraisement of the merchandise on the basis of American selling price is null and void. It follows, therefore, that the liquidation of the instant entry, based as it was upon a void appraisement, is likewise void, *United States* v. *William Heyer,* 31 C. C. P. A. (Customs) 111, C. A. D. 259, and the protest filed against such void liquidation is premature. Accordingly, it must be and is dismissed.

Under the provisions of 28 U. S. C., section 2636 (d), we are required to remand this matter to a single judge sitting in reappraisement for the determination of the proper dutiable value of the merchandise in question.

Judgment will issue accordingly.