(C.D. 3223)

R. W. Smith & Co. v. United States

United States Customs Court, First Division

(Decided December 11, 1967)

*John D. Rode* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Watson and Beckworth, Judges

Beckworth, Judge: The merchandise involved in these cases consists of synthetic rubber articles, assessed with duty at 12½ per centum ad valorem under paragraph 1537(b) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by 90 Treas. Dec. 280, T.D. 53877, by virtue of paragraph 1559(a) of said tariff act, as amended by the Customs Simplification Act of 1954, by similitude to articles of which india rubber is the component material of chief value. It is claimed that the merchandise is properly dutiable at 8½ per centum ad valorem under the provision for synthetic rubber articles in paragraph 1558 of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

Counsel for the respective parties have submitted these cases on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the items marked "A" and checked JGK (Examiner's Initials) by Examiner James G. Kuester (Examiner's Name) on the invoices covered by the protests listed above assessed with duty at 12½ per centum ad valorem

under the provisions of Paragraph 1537 (b) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, supplemented by T.D. 53877, by virtue of Paragraph 1559 (a) of said Tariff Act, as amended by the Customs Simplification Act of 1954, by similitude in use to articles of which India rubber is the component material of chief value consists of articles of synthetic rubber similar in all material respects to the merchandise the subject of *United States* v. *Weather-Rite Sportswear Co., Inc.*, 52 C.C.P.A. (Customs) 7, C.A.D. 848 and therein held dutiable as a synthetic rubber article at 8½ percent ad valorem under the provisions of Paragraph 1558 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, for synthetic rubber articles.

IT IS FURTHER STIPULATED AND AGREED that the synthetic rubber footwear involved in each of the instant protests was appraised on the basis of American Selling Price as set forth in Section 402 (e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that the appraisement of such merchandise on the basis of the American Selling Price was not in accordance with the provisions of law providing for the valuation basis to be used in the appraisement of imported merchandise classifiable under Paragraph 1558 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that the instant protests be remanded to a single judge, sitting in reappraisement pursuant to the provisions of Section 2636 (d), Title 28, U.S.C. for determination of the dutiable value of the involved footwear in the manner provided by law.

In view of this stipulation and on the authority of the decision cited therein, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoices covered by the protests herein is properly dutiable at 8½ per centum ad valorem under the provision for synthetic rubber articles in paragraph 1558 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

Since the footwear involved herein is dutiable under said paragraph 1558, as modified, appraisement on the basis of American selling price is null and void. Consequently the liquidations of the entires herein based on void appraisements are likewise void and the protests filed against them are premature. Accordingly, they must be dismissed. *Bluefries New York, Inc.* v. *United States*, 39 Cust. Ct. 79, C.D. 1909.

Under the provisions of 28 U.S.C., section 2636 (d), we are required to remand this matter to a single judge sitting in reappraisement for the determination of the proper dutiable value of the merchandise herein.

Judgment will be entered accordingly.