(C. D. 458)

FRANK P. DOW CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 2, 1941)

*Lawrence & Tuttle* (*Charles F. Lawrence* and *George R. Tuttle* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph B. Brady, Joseph E. Weil*, and *Richard F. Weeks*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Seattle, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of pocket electric flashlights having the general shape of a fountain pen. Duty was levied thereon at the rate of 110 per centum ad valorem under paragraph 1527 (c) of the Tariff Act of 1930 which, so far as here pertinent, reads as follows:

PAR. 1527. * * *

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card-cases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments. pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished.

*    *    *    *    *    *    *

It is claimed that said imported articles are properly dutiable at the rate of 25 per centum ad valorem under paragraph 353 of said act, as modified by the British Trade Agreement promulgated in T. D. 49753, as articles having as an essential feature an electric element or device; or, alternatively, at the rate of 45 per centum ad valorem under paragraph 397 of said act as manufactures of metal not specially provided for.

At the first hearing, held at Seattle on February 29, 1940, a sample of said merchandise was admitted in evidence herein as exhibit 1. In addition, the plaintiff offered in evidence the testimony of S. S. Birks, United States examiner of merchandise at said port, who testified that he had passed upon said merchandise, and duly identified as genuine the sample represented by exhibit 1.

The Government's objection to the witness testifying as to whether the articles in question were plated with gold, silver, platinum, or colored with gold lacquer having been sustained, the case was transferred to the current San Francisco docket with an order that the sample should be submitted to the Government chemist at that port for a qualitative and quantitative analysis.

At the second hearing, held at San Francisco on March 12, 1940, the plaintiff offered in evidence the testimony of Henry A. Alves, chief Government chemist at that port, who testified that the sample of said merchandise submitted to him was composed of brass plated with nickel, and that it was not plated with gold, silver, or platinum, nor colored with gold lacquer.

On cross-examination the witness testified that the metal contained in the electric bulb was not gold, silver or platinum.

At the third hearing, held at Seattle on October 29, 1940, it was stipulated by and between counsel for the respective parties in open court that the articles constituting the imported merchandise at bar were designed to be carried on the person.

Upon this record counsel for the plaintiff contend that said paragraph 1527 does not apply to these pocket flashlights, and cite in support of that contention two cases. In the first, that of *A. H. Ringk & Co. et al.* v. *United States*, T. D. 35822–G. A. 7794, 29 Treas. Dec. 394, decided in 1915, this court, then the Board of General Appraisers, held certain electric flashlight cases composed wholly or in chief value of metal, not to be included within the scope of paragraph 356 of the Tariff Act of 1913 as "articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, * * * match boxes * * * *vanity cases*, and like articles." In its decision the court said:

It is true the articles, when the batteries and lights are added, may be carried in the pocket of a coat used while automobile riding or otherwise, or taken in the hand to light a dark cellar or garret or other places where light is needed; but to say that they are articles designed to be worn on apparel or carried on or about or attached to the person similar to buckles, cardcases, match boxes, purses, and like articles would be enlarging the scope of this paragraph to an unjustifiable extent. * * *.

In the second of the cited cases, that of *Hagen Import Co.* v. *United States*, T. D. 48634, 70 Treas. Dec. 639, this court held that a certain pocket tear gas ejector, resembling in appearance a black enameled fountain pen with a clip by which it could be attached to the pocket, was not a like article to any of the various articles specified in paragraph 1527 (c) of the Tariff Act of 1930, and therefore was not dutiable thereunder.

On the other hand, in the case of *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343, the United States Court of Customs Appeals held that certain so-called "pro-repel" pencils were within the scope of paragraph 356 of the Tariff Act of 1913, the language of which was similar to that contained in paragraph 1527 (c) of the Tariff Act of 1930. In that decision the appellate court said:

The importers, * * * contend that the rule of *ejusdem generis* should be applied to the construction and application of the provision in question, and that the present pencils should not be assessed thereunder unless they are found to be like some of the articles which are enumerated in that provision, such as buckles, card cases, chains, cigar cases, etc. The importers contend that the entire list of articles thus enumerated falls into four distinct classes which are (1) articles of personal adornment akin to jewelry but with utilitarian value, (2) smokers' articles, (3) various articles for feminine use, such as chatelaine ornaments, and (4) ornamental articles worn directly upon the person, such as combs,

etc. The importers maintain that the present articles do not fairly come within any one of these four classes, and therefore should not be classified and assessed as "like articles" with those enumerated in the provision in question.

We think, however, that the rule of *ejusdem generis* does not apply to the provision now under review in the manner claimed by the importers. By that provision a duty is imposed upon articles of a certain value composed of metal, which are designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, etc. The controlling question in this provision, outside of the question of value and material, seems to be whether the articles in question are designed to be worn on apparel or carried on or about or attached to the person in the same manner as are the enumerated articles and like articles when in their customary use. If the assessed articles do not resemble the enumerated ones in that particular, then they would not fall within the present provision, whatever might be their resemblance to the exemplar articles or some of them in any other particular. On the other hand, if the assessed articles are similar to the prescribed exemplars in respect to the manner in which they are worn or customarily carried upon the person, then the resemblance is sufficient to satisfy the terms of the provision. The rule of *ejusdem generis* is thus limited by the paragraph to the single controlling resemblance just defined.

It may be observed that the articles which are enumerated in the disputed provision are numerous and in some respects diverse. Some of them are wholly ornamental in character, for example, "vanity cases" and "millinery ornaments"; some are wholly utilitarian, for example, "cigar cutters" and "match boxes"; some may be both ornamental and useful, for example, "chains" and "cuff buttons." *In one particular, however, they are all alike, and that is that in their customary use they are all carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment.* * * *. [Italics ours.]

See, also, the case of *Hensel, Bruckmann & Lorbacher* v. *United States*, 6 Ct. Cust. Appls. 162, T. D. 35434.

In *Rumpp & Sons, et al.* v. *United States*, 7 Ct. Cust. Appls. 203, T. D. 36507, certain small brass-bound memorandum books with brass-capped lead pencils were held to be dutiable under paragraph 356 of the Tariff Act of 1913.

In *United States* v. *Gluck & Sons et al.*, 8 Ct. Cust. Appls. 11, T. D. 37160, certain small leather cases fitted with pocketknives, penknives or erasers, nail files, wooden lead pencils, and scissors, were held to be properly dutiable under said paragraph 356.

See, also, *United States* v. *Draeger Shipping Co.*, 13 Ct. Cust. Appls. 265, T. D. 41204, and *Emil Bornstein* v. *United States*, T. D. 40478—G. A. 8890, 46 Treas. Dec. 360.

Exceptions to the general rule that articles which are designed to be carried on or about the person are to be classified under paragraph 1527 (c) of the Tariff Act of 1930 have been made in the case of articles of a vocational or temporary character. *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079; *United States* v. *Kastor & Bros.*, 15 Ct. Cust. Appls. 118, T. D. 42191; *Byron L. Strasburger & Co.* v. *United States*, T. D. 35971—G. A. 7827, 29 Treas. Dec. 664; and where the use of the article is not beneficial in its

nature, as in the case of the tear gas ejectors in *Hagen Import Co.* v. *United States, supra.*

The instant pocket flashlights evidently do not come within the exceptions to the general rule. Like the mechanical pencils in the *Gallagher & Ascher* case, *supra*, they are useful articles designed to be customarily carried on or about the person, and therefore in our opinion fall within the scope of said paragraph 1527 (c). Hence, we hold said pocket lights to be properly dutiable under said paragraph 1527 (c) as classified by the collector. All claims are therefore overruled and judgment will be rendered accordingly.