**M. ZWIEBEL**

**v.**

**UNITED STATES.**

**C.D. 2898; Protest 59/24514.**

United States Customs Court,
First Division.

Feb. 23, 1967.

Barefoot Sanders, Asst. Atty. Gen. (Mollie Strum, New York City, trial attorney), for defendant.

Before RAO, Chief Judge, and OLIVER and WATSON, Judges.

OLIVER, Judge:

The protest in this action relates to certain merchandise described on the commercial invoice as miniature flashlights and assessed with duty at the rate of 55 per centum ad valorem under the provisions of paragraph 1527(c) (2) of the Tariff Act of 1930, as modified by T.D. 53865 and supplemented by T.D. 53877, as metal articles designed to be carried on or about the person. It is claimed that the merchandise is properly dutiable at 35 per centum ad valorem as articles having as an essential feature an electrical element or device under the provisions of paragraph 353 of the act.[1]

A sample of the merchandise was received into evidence as plaintiff's exhibit 1 and stipulated to be representative of the merchandise at bar. It was further stipulated by the parties that exhibit 1 is in chief value of metal and is similar in all material respects to the miniature flashlights the subject of this court's decision in the case of Everbest Jewelry Corp. v. United States, 45 Cust. Ct. 116, C.D. 2209. The record in that case was incorporated without objection, and both parties then submitted the issue for decision.

Paragraph 1527(c) (2) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, reads in pertinent part as follows:

Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match

Siegel, Mandell & Davidson, New York City (Murray Sklaroff and David Serko, New York City, of counsel), for plaintiff.

1. The protest also carried claims under paragraphs 397 and 339 of the act. The claim under paragraph 397 was specifically abandoned by the plaintiff while the claim under paragraph 339 was never mentioned further and will also be disregarded.

boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished, composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), * * *:

Articles and parts (not including parts valued under 20 cents per dozen) valued not over $5 per dozen pieces or parts (* * *) .................55% ad val.

Paragraph 353 of the 1930 Tariff Act, as originally enacted, reads:

All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy;

electrical telegraph (including printing and typewriting), telephone, signaling, radio, welding, ignition, wiring, therapeutic, and X-ray apparatus, instruments (other than laboratory), and devices; and

articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs;

all the foregoing, and parts thereof, finished, or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

The provision of paragraph 353 calling for articles having as an essential feature an electrical element or device, finished or unfinished, wholly or in chief value of metal and not specially provided for, as modified by T.D. 51802 and later by T.D. 52739, reads in pertinent part:

T.D. 51802:

Other articles (except * * * flashlights * * *) .........15% ad val.

T.D. 52739:

Other (except the following: * * * flashlights * * *...13¾% ad val.

In the *Everbest Jewelry* case, supra, we described the merchandise that was before us as follows:

* * * They are miniature flashlights, which at the time of importation, contained no batteries. They are about 3 inches long and approximately three-quarters of 1 inch in diameter through their tubular cross-section. On one side is a light switch. A small bulb is fitted into the reflector at one end. * * *

Based upon the oral and sample evidence adduced in that case, we found and held that the items were articles of mere personal comfort or convenience, designed to be carried on or about the person, and that they were described within the provisions of paragraph 1527(c) (2). By incorporating the record of that case here, the parties are deemed to have acknowledged that the same testimony would be repeated for application to the present controversy. Charles H. Demarest, Inc. v. United States, 42 Cust.Ct. 180, C.D. 2084; Great Lakes Paper Company et al. v. United States, 52 Cust.Ct. 64, C.D. 2438. Further, by stipulating that the instant merchandise is the same in all material respects to the merchandise in the *Everbest* case, supra, and by failing to offer any other evidentiary matter, the parties, and the plaintiff in particular, have acquiesced in a similar finding here, namely, that the miniature flashlights at bar are articles of mere personal comfort or convenience, designed to be carried on or about the person and otherwise described within paragraph 1527(c) (2).

On the other hand, in the recent case of Biddle Purchasing Co. v. United States, 50 CCPA 71, C.A.D. 823, common two-cell flashlights, imported without batteries but with bulbs, were held to be articles having as an essential feature an electrical element or device within paragraph 353 following the decision in C. J. Tower & Sons v. United States, 2 Cust.Ct. 81, C.D. 92. It is apparent that the items in this case, although smaller, are imported in the same stage of completeness as those in the *Biddle* and

*Tower* cases, supra, and are likewise articles having as an essential feature an electrical element or device. Thus, there being no real fact issue in dispute, the question before us is solely one of law, that is, which paragraph, 1527(c) (2) or 353, more specifically provides for the merchandise at bar.

Plaintiff argues that the *Biddle* decision, supra, is the "definitive case" on flashlights and clearly establishes that Congress intended all flashlights to be provided for under paragraph 353. It is the defendant's position that our decision in the *Everbest* case, supra, is "dispositive" of the issue; that the *Biddle* decision speaks not as to miniature flashlights of the type involved herein; and that, in any event, paragraph 1527(c) (2) more specifically applies to these items.

■ In the *Biddle* case, as mentioned previously, the imported merchandise consisted of common two-cell flashlights. They had been assessed under paragraph 353 and were claimed to be dutiable under paragraph 397 as metal articles not specially provided for. Most of the decision deals with the rejection of the importer's assertion that recourse to legislative history revealed a congressional intent to place flashlights within paragraph 397. Before reaching this issue, however, the court observed the following:

> * * * As pointed out in appellant's brief, paragraph 397 is the least specific provision in the metals schedule and is the "basket clause" of that schedule. Without further evidence that Congress intended otherwise, it is clear that flashlights should be classified under paragraph 353 as an article "having as an essential feature an electrical element or device" under the doctrine of relative specificity. * * *

We find nothing from the issues raised in that case or from the court's characterization of those issues to indicate a holding that all flashlights must be dutiable within paragraph 353. Quite to the contrary, the suggestion is indicated that, where there is evidence that Congress intended otherwise respecting flashlights, the provisions of paragraph 353 may yield. Therefore, there appears to be no necessary conflict between our holding in the *Everbest* case and that rendered in *Biddle*.

Plaintiff further argues along this line that the *Everbest* case stands alone "in the entire history of the cases involving the classification of flashlights" which did not hold them dutiable under paragraph 353. Our particular attention is called to the case of Alex Taylor & Co., Inc. v. United States, 67 Treas.Dec. 386, T.D. 47566, which involved the classification of articles described as "pygmy lights" or as a "small pocket flashlight."

This contention by plaintiff seems to be more wide of the mark than its view of the scope of the *Biddle* decision. In 1941, the Second Division of this court (Dallinger, J., writing the opinion) in the case of Frank P. Dow Co., Inc. v. United States, 6 Cust.Ct. 187, C.D. 458, unanimously held that pocket electric flashlights having the general shape of a fountain pen and stipulated to be designed to be carried on the person were more properly dutiable within paragraph 1527(c) than under paragraph 353, as modified by T.D. 49753, as articles having as an essential feature an electrical element or device, as claimed by the importer. Moreover, it was this same court (opinion by Dallinger, J.,) that 6 years prior in 1935, had decided the *Alex Taylor* case relied upon by the plaintiff herein. In the *Alex Taylor* case, pocket flashlights had been assessed under paragraph 353 as articles suitable for producing electrical energy and claimed to be classifiable under paragraph 229 as "incandescent electric-light bulbs and lamps." On a concession by the plaintiff that the flashlights produced electricity, the court held them dutiable as assessed since they were clearly something more than electric-light bulbs or lamps. The applicability of paragraph 1527(c) was never put in issue. Finally, note should also be taken of the fact that

it was the Second Division (Dallinger, J., again writing the court's opinion) that held battery-less flashlights dutiable under paragraph 353 rather than 397 in the *C. J. Tower* case, supra, cited as judicial precedent in the *Biddle* case. This decision was handed down in 1939, 2 years before the *Frank P. Dow* case, supra.

When placed in perspective, the case law on the classification of flashlights completely fails to support plaintiff's contentions. It appears that, prior to our decision in the *Everbest* case, the only time that the provisions of paragraph 1527(c) were in competition with those in paragraph 353, the former were found to be more applicable. Our holding in the *Everbest* case, where plaintiff's alternative claim for classification within paragraph 353 was viable though not pressed, is, therefore, in accord with the only relevant judicial precedent respecting the issue of law in this case, Frank P. Dow v. United States, supra.

■■ The importer herein also contends for the application of the statutory rule of construction that a tariff description provides for all forms of an article (citing Nootka Packing Co. et al. v. United States, 22 CCPA 464, T.D. 47464) and, therefore, following the decision in *Biddle,* supra, the instant miniature version of flashlights must fall within the scope of paragraph 353. However, the rule announced in the *Nootka Packing* case had reference to articles provided for in the statute *eo nomine* and then only absent a "contrary legislative intent, judicial decision, or administrative practice to the contrary." As discussed above, contrary judicial decisions exist which would bar the application of this interpretive rule. Furthermore, while flashlights are excepted *by name* from the lower rates of subsequent trade

modifications, they are susceptible to duty under paragraph 353 not according to an *eo nomine* designation but as articles having as an essential feature an electrical element or device, not specially provided for, *Biddle,* supra.[2] Further still, a contrary legislative intent may be found in the language of the competing provisions. As noted in our *Everbest* decision articles coming within the scope of paragraph 1527(c) (2) are limited not only by value and material considerations but also, following established judicial interpretations, they must be designed to be carried on or about the person, in their customary usage, as incidental items of mere comfort, convenience, or adornment. This is so whether provided for *eo nomine* or otherwise. Paragraph 353, on the other hand, relates, in pertinent part, not to the entire design of an article but merely to one essential feature thereof and it has been recognized not to invade other provisions of the statute because of the presence of that feature, Fred Roberts Co. v. United States, 46 Cust.Ct. 254, C.D. 2265. In any event, if there remained doubt as to the respective scopes of these two provisions, the "n. s. p. f." clause attached to paragraph 353 and missing from the provisions in paragraph 1527 (c) would militate in favor of the presumption attending the collector's classification in this case.

■■ Finally, the plaintiff has argued that the element of portability incorporated in the dictionary definition of the term "flashlight," which was cited by the appellate court in Remington Rand Div. of Sperry Rand Corp. v. United States, 51 CCPA 57, C.A.D. 837 (a case dealing with the question of whether flashlights with rechargeable units were flashlights or something more), renders all flashlights essentially the

2. No argument has been made that the name "flashlights," appearing in the exception clauses of various trade modification agreements, has created an *"eo nomine"* provision thereby. Even so, we would find no change in the specificity of the competing provisions based upon a legion of case law holding that where

carved-out provisions are established by trade agreement, they are intended to apply to articles originally embraced within the scope of the statutory language. This would be especially true here where even the attempt to do otherwise is nowhere manifested.

same in design. The case of Nife, Inc. v. United States, 40 Cust.Ct. 448, Abstract 61550, decided on rehearing, ibid., 40 Cust.Ct. 570, Abstract 61976, is cited for the proposition that portability in the pocket or about the person is "the wall separating flashlights from other lights." We agree with counsel for the defendant that the plaintiff has confused the element of portability with the question of whether an article is specifically designed to be carried on or about the person. The provisions of paragraph 1527(c) were not before the court in the *Nife, Inc.,* case and the merchandise—9-pound hand lights used by members of the fire and police departments—was found not to be within the common meaning of the term flashlight. The mere fact that there was testimony in that case that flashlights are articles that can be conveniently carried about the person unlike the involved hand lights does not validate the proposition put forth by the plaintiff herein. The common two-or-more-cell flashlights for office or household use are certainly susceptible of carriage about the person. But this fact does not make them similar items to purse or pocket lights. The test for classification under paragraph 1527 (c) is not the use to which articles *may* be put but the purpose for which they were designed, and that purpose relates to customary use, not mere susceptibility of use, Coty (Inc.) v. United States, 18 CCPA 33, T.D. 44003; Gallagher & Ascher et al. v. United States, 6 Ct.Cust. Appls. 105, T.D. 35343.

For all of the reasons discussed herein and based upon the conclusions reached, we find and hold that the miniature flashlights, the subject of the instant protest, are properly dutiable within the provisions of paragraph 1527(c) (2) of the Tariff Act of 1930, as modified, supra, as articles designed to be carried on or about the person. The protest is, therefore, overruled and judgment will be rendered accordingly.

Judgment for the defendant.

RAO, C. J., and WATSON, J., concur.