(C. D. 170)

RAYMOND SALTEL v. UNITED STATES

United States Customs Court, Second Division

(Decided June 2, 1939)

*Lawrence & Tuttle (Charles F. Lawrence* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation entered as permanent wave machines, imported from Belgium in April 1936. Duty was levied thereon at the rate of $4.50 each plus 65 per centum ad valorem under paragraph 368 of the Tariff Act of 1930, the pertinent portions of which read as follows:

PAR. 368. (a) Clocks, clock movements, * * * clockwork mechanisms, time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, * * * and any mechanism, device, or instrument intended or suitable for measuring time, * * * whether or not in cases, containers, or housings:

(1) * * * valued at more than $10 each, $4.50 each;

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem * * *.

The said machines are claimed to be properly dutiable at the rate of 35 per centum ad valorem under the provision in paragraph 353 of said act for "articles having as an essential feature an electrical element or device, such as * * * heaters * * *."

At the hearing held at San Francisco in February 1938, the plaintiff offered in evidence a sample of one of the imported machines, which was admitted in evidence as Exhibit 1, and the testimony of Jeanne Saltel, beauty operator at San Carlos, Calif.

In describing the machine the witness testified that it was used as a heating machine for permanent waving, to hold clamps which, when heated, are clamped on the customer's hair. The heating is done electrically by means of a cord and plug, the latter inserted in an electric socket. In addition, the machine contains a voltmeter and an electric pilot light which indicates when the machine is in operation, and a clockwork mechanism which is used to time the heating period for the clamps or "heaters," as an aid to the operator.

The witness also testified that in her opinion the clockwork mechanism was not essential to the use of the machine, as the time of heating could be determined by an outside clock if desired; and that the machine is not used for the purpose of telling time or measuring electricity.

Upon this record counsel for the plaintiff in their brief filed herein contend that the machine at bar is an electrical device used primarily for heating purposes, with incidental clockwork mechanism used subordinately for the purpose of timing the heating periods, and that although the machine may contain a clockwork mechanism it is not in itself a clockwork mechanism. In support of their contention they cite the case of *Herman H. Sticht & Co. et al.* v. *United States*, 22 C. C. P. A. 362, T. D. 47386.

However, in our opinion the cited case, far from sustaining the counsel's contention, would seem to support the collector's classification herein. While the appellate court did say that it agreed with counsel for the appellees that the tachometers which formed the subject of that suit were not themselves clockwork mechanisms, nevertheless it affirmed the classification of the collector on the ground that said paragraph 368 was not limited to clocks and clockwork mechanisms, but embraced all devices having an essential operating feature intended for "recording, indicating, or performing any operation or function at a predetermined time or times."

In the instant case the machine at bar certainly has as an essential operating feature a clockwork mechanism which measures the time of the heating operation. This fact is not militated against by the testimony of the plaintiff's witness that the heating processes could be timed by looking at an outside clock.

Counsel for the plaintiff also cite in support of their contention the case of *United States* v. *Cambridge Instrument Co.*, 21 C. C. P. A. 508, T. D. 46970. We are thoroughly familiar with the decision in that case, and the distinction therein made between the language of paragraph 368 of the Tariff Act of 1922 and that in the corresponding paragraph of the Tariff Act of 1930. In our opinion the cited decision has no application to the merchandise at bar. While it is true that said merchandise might not come within the first part of said paragraph, as a device intended or suitable for measuring time, etc., certainly the clockwork feature is designed to perform an operation or function at a predetermined time or times, and therefore the articles are literally within the intendment of the law.

In our opinion the decision in *United States* v. *R. W. Cramer & Co., Inc.*, 22 C. C. P. A. 45, T. D. 47049, is here controlling. That case involved the question of the dutiable classification of certain electric automatic time switches which contained clockwork mechanisms. The appellate court held such switches to be articles suitable for modifying or controlling electrical energy within the meaning of paragraph 353 of the Tariff Act of 1930, and also to be articles which contained a clockwork mechanism within the meaning of paragraph 368 of said act; and that inasmuch as each provision was equally specific in describing said merchandise, under the provisions of paragraph 1559 of said act the higher of the two rates should apply, which is that imposed under said paragraph 368.

We therefore follow said decision in the present case and hold as a matter of law that the instant machines are properly dutiable at the rate of $4.50 each plus 65 per centum ad valorem under the provision in said paragraph 368 (a) for "any mechanism, device, or instrument intended or suitable for * * * performing any operation or function at a predetermined time or times." All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.