(C. D. 1708)

F. B. Vandegrift & Company, Inc. *v.* United States

United States Customs Court, Second Division

(Decided June 16, 1955)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Warren E. Burger,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before Lawrence, Rao, and Ford, Judges

Lawrence, Judge: The imported merchandise which forms the subject of this controversy consists of two types of trowels, represented by exhibits 1 and 2, both of which are used in bricklaying.

The collector of customs classified the items as articles in chief value of metal, not specially provided for, in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), and duty was imposed thereon at the rate of 22½ per centum ad valorem.

Plaintiff claims that the trowels above referred to are "types of hand tools that come within the *common meaning* of the expression 'shovels, spades, scoops,' " and accordingly should be classified within the provision for shovels, spades, and scoops in paragraph 373 of said act (19 U. S. C. § 1001, par. 373), as modified by said General Agreement on Tariffs and Trade, and subjected to duty at the rate of 7½ per centum ad valorem.

The text of the competing provisions of the statutes is here set forth—

Paragraph 397 of the Tariff Act of 1930, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

 Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

  Other (except slide fasteners and parts thereof)___ 22½% ad val.

Paragraph 373 of said act, as modified, *supra*:

Shovels, spades, scoops, forks, hoes, rakes, and drainage tools, and parts thereof, composed wholly or in chief value of metal, whether partly or wholly manufactured:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

 Other_____ 7½% ad val.

Plaintiff contends in substance that bricklayers' trowels, such as exhibits 1 and 2, perform the same function as shovels, spades, and scoops, in that they are, to quote from its brief, "designed to scoop up semi-solid (plastic) substances, such as mortar, cement or plaster, out of a trough." The purpose of exhibit 1 is to place mortar on bricks when they are being laid and to scrape off any excess mortar. The primary function of exhibit 2 is to "patch up or point up brick walls after they have been made."

In support of its contention that the bricklayers' trowels in controversy are within the common meaning of the terms "shovels, spades, scoops," which appear in said paragraph 373, plaintiff invites our attention to the following lexicographic authorities defining the words "shovel," "spade," and "scoop," respectively:

Funk & Wagnalls New Standard Dictionary of the English Language:

**shovel,** *n.* **1.** A flattened scoop with a handle, used to lift and throw earth, coal, or other loose substance, or for digging; as, a snow-*shovel.* &ast; &ast; &ast;

**spade,** *n.* **1.** An implement used in digging in the ground, ditching, cutting turf, etc., and consisting usually of a nearly flat rectangular or pointed blade mounted lengthwise on a handle with a crosspiece set into a U-shaped top: used with both hands and pressed into the ground with the foot: distinguished from a *shovel* principally by having a narrower and flatter blade. **2.** A tool or implement resembling a spade. &ast; &ast; &ast;

**scoop,** *n.* **1.** A shovel-like implement consisting of a comparatively short handle attached to a deep bowl or receptacle having one side open for scooping. &ast; &ast; &ast; **2.** A spoon-shaped instrument for making or using in a cavity; as, a surgeon's *scoop* (for removing foreign bodies from wounds or natural cavities); a *scoop* for cutting out potato-eyes. &ast; &ast; &ast;

Webster's New International Dictionary:

**shovel,** *n.* * * * **1.** A broad scoop or a more or less hollow blade, with a handle, used to lift and throw earth, coal, grain, etc. * * *

**spade,** *n.* * * * **1.** An implement for turning soil, resembling the shovel but heavier and adapted for being pushed into the ground with the foot. Generally the blade is nearly flat and oblong. * * *

**scoop,** *n.* * * * **1.** A large ladle; a vessel with a long handle, used for dipping or skimming liquids. **2.** A deep shovel, or similar implement for digging out and dipping or for shoveling; as, a flour *scoop*. **3.** A small utensil for cutting or gouging, often with a spoon-shaped blade; as, a cheese *scoop*.

Oxford's "A New English Dictionary":

**Shovel,** * * * **1.** A spade-like implement, consisting of a broad blade of metal or other material (more or less hollow and often with upturned sides), attached to a handle and used for raising and removing quantities of earth, grain, coal or other loose material. * * *

**Spade,** * * * **1.** A tool for digging, paring, or cutting ground, turf, etc., now usually consisting of a flattish rectangular iron blade socketed on a wooden handle which has a grip or cross-piece at the upper end, the whole being adapted for grasping with both hands while the blade is pressed into the ground with the foot.

**Scoop,** * * * **1.** A utensil for bailing out, ladling or skimming liquids; usually in the form of a ladle or a concave shovel with a straight handle.

   \*      \*      \*      \*      \*      \*      \*

**2.** A kind of shovel (varying greatly in size and shape according to its special purpose), used for dipping out or shovelling up and carrying materials of a loose nature; usually an implement of iron, tin, etc. with a short handle and a broad, concave, or curved blade, the part of which next the handle is often covered over to form a receptacle for the material scooped up.

It is our considered opinion that the definitions above quoted do not support plaintiff's contention that exhibits 1 and 2 come within the purview of the words "Shovels, spades, scoops." Moreover, it is difficult to conceive how the items in issue could in any event respond to all three of the enumerations for classification purposes.

Referring to dictionary definitions of the word "trowel," we find the following:

Funk & Wagnalls New Standard Dictionary of the English Language:

**trowel,** *n.* **1.** A flat-bladed, sometimes pointed implement having an offset handle parallel, or nearly so, with the blade: used by masons, plasterers, and molders. **2.** A small concave scoop with a handle: used in digging about small plants, potting them, etc. **3.** A flat steel instrument, very elastic, about two feet long, with a handle at one end, used to spread the paint evenly on oilcloth. **4.** A molders' smoothing-tool.

Webster's New International Dictionary:

**trowel,** *n.* * * * Any of various hand tools or implements, consisting of a flat or, less commonly, curved blade with a handle, used esp. by bricklayers, plasterers, molders, etc., to apply, spread, shape, and smooth loose or plastic material; also, a scooplike or flat-bladed gardening implement for taking up and setting small plants, etc.

Oxford's "A New English Dictionary":

**Trowel** * * * **1.** A tool consisting of a flat (or, less commonly, rounded) plate of metal or wood, of various shapes, attached to a short handle; used by masons, bricklayers, plasterers, and others for spreading, moulding, or smoothing mortar, cement, and the like. * * *

It is noted that the definitions of shovel, spade, and scoop give no reference synonymously to trowels, nor do the definitions of trowel give any reference synonymously to shovel and spade. Although the latter definitions make reference to a small concave scoop or to a scoop-like gardening implement, said terms are not descriptive of the form or use of the instant merchandise. Therefore, it is evident that the trowels in controversy belong to a class of articles different from the shovels, spades, and scoops provided for in paragraph 373, *supra.*

Our attention has not been invited to any judicial authorities upon this subject and our research has revealed none.

For the reasons above assigned, we find that the subject merchandise is not within the common meaning of the words "Shovels, spades, scoops," as they appear in said paragraph 373, and hold that plaintiff has failed to sustain its burden of proof necessary to overcome the presumption of correctness which attaches to the decision of the collector. The protest is, therefore, overruled on all grounds.

Judgment will issue accordingly.