(C.D. 2265)

Fred Roberts Co. *v.* United States

United States Customs Court, First Division

(Decided June 12, 1961)

*Lawrence & Tuttle* (*George R. Tuttle, Jr.,* and *Barnes, Richardson & Colburn* of counsel) for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General (*Sheila N. Ziff* and *Richard E. FitzGibbon, trial attorneys*), for the defendant.

Before Oliver, Mollison, and Wilson, Judges

Mollison, Judge: The articles the subject of this protest are described on the invoice as "Battery operated shoe brush" and were assessed with duty by the collector of customs at the rate of 35 per centum ad valorem under the provision in paragraph 1506 of the Tariff Act of 1930, as modified by T.D.'s 53865 and 53877, for—

Brushes, not specially provided for (except paint brushes).

Although various claims are made in the protest for classification under other tariff provisions, none of which has been specifically abandoned, it appears that the claim relied upon by the plaintiff is for duty at the rate of 13¾ per centum ad valorem under the provision in paragraph 353 of the tariff act, as modified by T.D. 53739, for—

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

\* \* \* \* \* \* \*

Other [than certain named or described articles whose names or descriptions do not cover the articles here involved] \* \* \*.

A sample of the imported articles is before us as plaintiff's exhibit 1. It consists in part of what might be termed a handle, made of metal, in form very much like the body of a cylindrical flashlight, holding three battery cells and having a switch conveniently located thereon. Attached to the handle is a head, made of plastic, housing an electric motor and some sort of gearing arrangement, which transmits the rotating force of the motor at a right angle to the handle and to a plastic circular disk, into which are set tufts of hair or bristles about an inch long.

Although the evidence indicates that the article "is more of a gadget than a practical item," it does appear that it is offered, sold, and used as an article or device for shining or polishing shoes, primarily, and also leather goods, silverware, fireplace accessories, auto chrome, etc.

Essentially, the plaintiff's position is that the article "is more than a brush," that is to say, it is a battery operated polisher of which a brush is only a part, and that the article is not within the common meaning of the term "brush." Plaintiff, therefore, contends that the article is excluded from the purview of the tariff provision for brushes and that it is covered by the tariff provision for—

\* \* \* articles having as an essential feature an electrical element or device \* \* \*

as set forth in paragraph 353, as modified, *supra*.

The defendant concedes that the article is within the descriptive language of paragraph 353, *supra*, but contends that it is also a brush, and that it is more specifically provided for as a brush under paragraph 1506, *supra*, than under the language of paragraph 353. Consequently, first inquiry must be to determine whether the provision for brushes is applicable at all to the merchandise.

We are of the opinion that it is. It seems clear that the article at bar is used principally for the same purpose as the familiar hand-operated shoe-shining brush that consists of bristles or hair set into a wooden or other back. The article before us does not do anything

but shine or polish shoes or other objects upon which it is used. It is our view, therefore, that it is nothing more than a brush, albeit electrically operated.

Plaintiff has cited a number of cases as supporting its position that the article at bar is something "more than a brush," but we think that the articles involved in the cited cases are distinguishable from the electrically operated brush before us, or the cases did not involve competing tariff provisions such as those before us.

Thus, in *Keer, Maurer Company* v. *United States*, 32 Cust. Ct. 441, Abstract 57959, certain "flicks" or dusters, made of sheepskin, were held not to be brushes, but, rather, manufactures of wool, for the reason that, although in the field of cleaning their use was similar to that of brushes, their action and the result of that action were quite different in that they picked up and held dust, whereas brushes used for similar purposes merely dislodged and forced away the dust both from the article brushed and the brush.

In *Inter-Maritime Forwarding Co., Inc.* v. *United States*, 34 Cust. Ct. 259, Abstract 58685, there were involved crumb sweepers having the appearance of miniature carpet sweepers which removed crumbs from tables in the same manner as carpet sweepers remove dust from rugs, i.e., by means of a bristle-type rotary brush which revolved as the article was guided across the table, picking up crumbs and depositing them in receptacles in the interior of the crumb sweeper.

In concluding that such articles were not properly classifiable as brushes under paragraph 1506, *supra*, we said:

* * * We are of the opinion, based upon the record before us, that the articles are not brushes within the common and ordinary acceptation of that term. They are articles which consist in part of brushes, but the statute under which classification was made does not provide for such articles. It is true that insofar as they sweep crumbs from the table they have a function which a brush could perform, but it seems that they do more than merely sweep crumbs, in that they collect and hold them in the interior receptacles. For that reason, we feel that they are less analogous to brushes than they are to carpet sweepers, or even mechanical street sweepers, neither of which would be considered to be a "brush."

*Bruce Duncan Company, a/c Sims-Worms* v. *United States*, 45 Cust. Ct. 85, C.D. 2202, involved articles, which, from the description contained in the opinion, were somewhat similar in appearance to those at bar. They consisted of a plastic body, containing batteries, a switch, an electric motor to which was attached a small fan, a bristle brush, and a small cloth bag. In use, apparently, the fan was activated by the batteries, switch, and motor, and as the brush (which did not revolve) was passed over cloth or other substance it was desired to clean, the stream of air from the fan picked up the dust particles dislodged by the brush and deposited them in the small cloth bag.

Those articles were not classified as brushes, but as household

utensils in chief value of base metal. They were claimed to be properly dutiable as articles having as an essential feature an electrical element or device under paragraph 353, as modified, *supra*.

Consequently, the issue in that case was not the same as the issue in the case at bar, and the determination of the issue in that case does not have any bearing upon the issue herein. It would seem in passing, however, that the same reason that prevented the table crumb sweepers in the *Inter-Maritime* case, *supra*, from being classified under the brush provision in paragraph 1506 operated to remove the cleaners involved in the *Bruce Duncan* case from the purview of the brush paragraph, i.e., the articles did more than remove dust; they collected it in receptacles or bags.

We are satisfied, therefore, that none of the cases cited by the plaintiff are applicable in the determination of the issue in the case at bar, namely, the relative specificity of the competing provisions of paragraphs 353 and 1506.

We may say that our research of the adjudicated cases relating to the provisions of paragraph 353 does not indicate that it has ever been held that any given article would necessarily be excluded from other provisions of the tariff act which would embrace it on the sole ground that it had, as an essential feature, an electrical element or device. In other words, paragraph 353, *supra*, does not, as to any merchandise which is within its description, invade and supersede all other tariff enumerations or designations which might also be applicable to such merchandise. The language in which the provision is framed is not so sweeping, clear, and definite as to indicate that any or all imported articles having as an essential feature an electrical element or device must be classified thereunder to the exclusion of all other tariff enumerations which may be applicable to them. *Kayser & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 474, T.D. 41367.

This view is supported by numerous decisions of this and our appellate court involving questions of the relative specificity of the provision in paragraph 353, *supra*, here in question when in competition with other tariff designations. Among such cases may be mentioned *Raymond Saltel* v. *United States*, 2 Cust. Ct. 428, C.D. 170, involving a competition between the provision in paragraph 353 and the provision in paragraph 368 for clockwork mechanisms; *Wallace Pencil Co.* v. *United States*, 8 Cust. Ct. 1, C.D. 572, paragraph 353 and the provision in paragraph 372 for printing machinery; and *United States* v. *Electrolux Corporation*, 46 C.C.P.A. 143, C.A.D. 718, paragraph 353 in comparison with the provision in paragraph 339 for household utensils.

Proceeding, therefore, to the determination of the question of relative specificity raised in this case, on the record made and for the

reasons hereinbefore stated, we conclude that the articles at bar fall within the language of both paragraph 1506 and paragraph 353, *supra*. We also conclude that the tariff term "brushes" in paragraph 1506, in its application to the articles at bar, is relatively more specific than the description "articles having as an essential feature an electrical element or device." We base this conclusion on the fact that the term "brushes," being the name of the articles, is a more exact and specific designation of them than the broad, general description which covers them by reason of incorporation therein of an electrical element or device which is essential to their operation.

No legislative intent, long-continued administrative practice, or judicial decision contrary to this conclusion is apparent or has been brought to our attention.

No effort having been made to support any of the other claims made in the protest, judgment will issue overruling all of the protest claims accordingly.