**CASTELAZO & ASSOCIATES and Famous Jobbing Co., Inc., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**C. D. 3639; Protest 63/17074–73161.**

United States Customs Court
Second Division.

Dec. 11, 1968.

Glad & Tuttle, Los Angeles, Cal. (Robert Glenn White, Los Angeles, Cal., of counsel), for plaintiffs.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Mollie Strum, New York City, trial attorney), for defendant.

Before RAO, Chief Judge, and FORD, Judge.

RAO, Chief Judge:

Certain items described as folding shovels with "pickels",[1] imported from

1. Apparently a misnomer.

Japan, were classified by the collector of customs at the port of Los Angeles, Calif., as articles or wares, not specially provided for, wholly or in chief value of iron or steel, under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas.Dec. 150, T.D. 54108, and were assessed with duty at the rate of 19 per centum ad valorem. Plaintiffs herein contend that the articles in issue should have been classified as shovels, under paragraph 373 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which are dutiable at the rate of 7½ per centum ad valorem.

The relevant provisions of the statute are set forth below.

Paragraph 397 of the Tariff Act of 1930, as modified, provides:

> Articles or wares not specially provided for, whether partly or wholly manufactured:
>
> \*   \*   \*   \*   \*   \*
>
> Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:
>
> \*   \*   \*   \*   \*   \*
>
> Not wholly or in chief value of tin or tin plate:
>
> \*   \*   \*   \*   \*   \*
>
> Other \* \* \* . . 19% ad val.

Paragraph 373 of said act, as modified, supra, provides:

> Shovels, spades, scoops, forks, hoes, rakes, and drainage tools, and parts thereof, composed wholly or in chief value of metal, whether partly or wholly manufactured:
>
> \*   \*   \*   \*   \*   \*
>
> Other . . . . 7½% ad val.

The article in question consists in part of a shovel whose face end may be moved from the normal extended shovel position to a position at a right angle to its wood handle. When so moved, a small concave metal arm, approximately 7 inches in length, protrudes at the back of the shovel face so that it also is at a right angle to the wood handle. When the shovel end is in its normal position the metal arm remains parallel to the handle.

Two exhibits were admitted into evidence during the course of trial. Plaintiffs offered a sample of the article in question (plaintiffs' exhibit 1) and defendant offered a card (defendant's exhibit A), prepared by the manufacturer, which had previously been attached to plaintiffs' exhibit 1 and contained instructions for its use. In said exhibit the article is described as a "folding shovel with pickel" which can be converted to a shovel or a pick shovel.

Leo Fenton, the sole witness at the trial, testified on behalf of plaintiffs. He is a wholesaler of sporting goods and camping equipment who stocks and sells merchandise imported by Famous Jobbing Co., the importer in this case, including articles such as those here involved. Mr. Fenton stated that he calls the article a pick shovel and sells it as a shovel "with an appurtenance here to loosen the dirt so it can be shoveled more easily."

Plaintiffs contend that, although the article in issue is equipped with an implement designed to loosen earth, it is basically a shovel with an added feature and hence well within the provisions for shovels *eo nomine* provided for in paragraph 373. The issue, therefore, is whether the imported article, in its entirety, is a shovel within paragraph 373, or whether, by reason of its pick attachment, it no longer responds to that designation.

■ There being no question of commercial designation the issue must be resolved in the light of the common meaning of the relevant statutory term. The common meaning of a tariff term is a matter of law to be determined by the court. Marvel v. Merritt, 116 U.S. 11, 6 S.Ct. 207, 29 L.Ed. 550; United States v. Florea & Co., Inc., 25 CCPA 292, T.D. 49396. In finding that meaning the

court may consider standard lexicons or other pertinent authorities for the purpose of refreshing its recollection or may otherwise draw upon its own understanding of the sense in which words are employed in ordinary speech, United States v. John B. Stetson Co., 21 CCPA 3, T.D. 46319; United States v. O. Brager-Larsen, 36 CCPA 1, C.A.D. 388.

In our effort to resolve this question we have considered the following definitions of *shovel:*

Funk & Wagnalls New Standard Dictionary of the English Language (1952):

> shovel, *n.* 1, A flattened scoop with a handle used to lift and throw earth, coal, or other loose substance, or for digging * * *.

Webster's New International Dictionary of the English Language, unabridged edition (1957):

> shovel, *n.* A broad scoop or a more or less hollow blade, with a handle, used to lift and throw earth, coal, grain, etc.

While these definitions do not preclude the function of loosening earth from the potential of a shovel, it is significant that neither is that function adverted to as a characteristic of a shovel. That which distinguishes a shovel from other tools employed to manipulate earth and other substances is its capacity to lift and throw such materials. Clearly when the pick end of exhibit 1 is being used it does not perform this essential function. The pick portion cannot be employed to lift and throw and there is no evidence that the shovel and pick may be used simultaneously. To that extent we are confronted with an article which is both a shovel and a pick, each performing independently separate and different jobs.

The question is whether such an article, adapted to distinct uses depending upon which portion of it is activated, is properly described by the name applicable to one of its functions. Thus posed it would appear that the weight of authority demands a negative response. Garrard Sales Corp. v. United States, 35

CCPA 39, C.A.D. 369; A. Tanzi Engineering Co. and Schneider Bros. & Co., Inc. v. United States, 30 Cust.Ct. 4, C.D. 1490; Kaufman and Vinson Co. v. United States, 44 Cust.Ct. 238, C.D. 2180; V. Alexander & Company, Inc. v. United States, 59 Cust.Ct. 510, C.D. 3212.

Garrard Sales Corp. v. United States, supra, involved the question of whether certain record changer units which were to be installed in phonographs and phonograph-radio combinations were properly classifiable as parts of phonographs. It appears that in the phonograph-radio combination with which the record changer unit was to be used, the radio and phonograph could not be operated simultaneously because there was but one amplifying and one loud-speaker system in the combination. In discussing the phonograph-radio combination the court said the fact that the two items were designed to be used together did not necessarily make either article a part of the other. It then noted (35 CCPA pp. 42–43):

> It is also clear that the phonograph and the radio when combined in a single unit constitute a separate and distinct article which is something more than either. * * * *

> Furthermore, a combination phonograph and radio set, such as that here involved, if imported would be dutiable as an entirety and could not properly be classified either as a phonograph or a radio.

While the facts in *Garrard* differ from those in the case at bar, there are certain points of analogy. The phonograph and the radio each perform separate functions, so do the shovel and the metal arm; the phonograph and the radio cannot function simultaneously, neither can the shovel and the metal arm; the phonograph and the radio each depend on the same amplifying and loud-speaker systems, while the shovel and metal arm each depend on a common wooden handle.

A. Tanzi Engineering Co. and Schneider Bros. & Co., Inc. v. United States, supra, considered the issue of whether a

certain machine was a household food cutting utensil. The machine had two adjustable rollers which rolled dough into sheets and two sets of nonadjustable cutting rollers which cut the dough sheets into strips. The court discussed *Garrard* and other cases dealing with combination articles and ruled that since the machine was designed both to prepare dough in sheets and also to cut dough, as the occasion required, it was something more than or other than a household food cutting utensil.

V. Alexander & Company, Inc. v. United States, supra, involved an article similar to the one under our consideration, the principal difference being that in *Alexander* the pick portion was a separate piece of metal from the shovel portion whereas in the case at bar the pick arm is an extension of the same piece of metal as the shovel portion. Also in *Alexander* the parties stipulated that the article was a combination pick and shovel while they have not done so in the case before us. This court ruled that the merger of the shovel and pick into a unit fastened to a single handle, which unit could perform only one function at a time, precluded treating the article as a separate shovel and separate pick. After analyzing several cases treating of combination articles we said:

> In sum, the meaning of the above cases may be understood as a limitation on the scope of specific statutory provisions and *eo nomine* enumerations. An article will be excluded from its normal provisions when, by virtue of joinder with another article, it becomes an inseparable part of a multifunction entity. That is to say, when the change undergone is no longer merely an evolutionary advance or the addition of a subsidiary auxiliary part, the changed article becomes more than that which it formerly was. * * *

■ Although there has been no stipulation that the article in controversy here is a combination pick and shovel the evidence clearly shows that it is a multifunction entity very similar to the one in *Alexander*. Therefore, in line with the cases hereinabove reviewed, such article should not be classified under a designation which provides for only one of its two functions.

The cases discussed above contrast with those involving articles whose characteristic functions are amplified but not displaced by refinements which improve their performance. We are of the opinion that the cases relied on by plaintiff fall into such category and therefore are distinguishable from the case at bar. Thus in United-Carr Fastener Corporation v. United States (Northern Screw Corp., Party in Interest) 56 Cust.Ct. 347, C.D. 2648, affirmed 54 CCPA 89, C.A.D. 913, a "Tee-Nut" which was so designed that it obviated the need for a washer was held to be a nut rather than something other than a nut. As indicated by our appellate court, since the item continued to act as a holding device the fact that it could function without a washer, which was auxiliary when used with a nut, did not change the identity of the article as a nut.

Similarly, hyacinth bulbs which, as imported, were packed individually in decorated waterproof boxes containing wood shavings remained classifiable as hyacinth bulbs, *eo nomine,* even though they were advanced closer to blooming than bulbs which were not so packed. Perryman, Mojonier Company v. United States, 55 Cust.Ct. 150, C.D. 2566.

Also in National Carloading Corp. and James S. Baker Import Co. v. United States, 44 Cust.Ct. 481, Abstract 64233, affirmed 48 CCPA 70, C.A.D. 767, the article in issue, although smaller than most crowbars and employed for prying open cases, was properly classified as a crowbar since it performed a function which was within the general definition of a crowbar and did not possess features which were so unrelated as to reflect a multifunctional character.

In view of the foregoing considerations, we find that the article before us, which is so fashioned that it is capable of performing two separate and distinct

functions, not simultaneously, with neither act being indispensible to the other, is not properly classifiable as a shovel. The claim in the protest to that effect is therefore overruled.

Judgment will be entered accordingly.