(C.D. 4189)

JAMES S. BAKER (IMPORTS) CO., INC.
CHARLES H. SHERRIFF, INC. } v. UNITED STATES

United States Customs Court, Second Division

(Decided March 23, 1971)

*Glad & Tuttle* (*Hudson F. Edwards* and *George R. Tuttle, Jr.*, of counsel) for the plaintiffs.

*L. Patrick Gray, III*, Assistant Attorney General (*Mollie Strum, Peter Larsen*, and *Joseph I. Liebman*, trial attorneys), for the defendant.

Before RAO, Chief Judge, FORD, and NEWMAN, Judges

NEWMAN, Judge: This protest concerns the proper rate of duty on certain post-hole diggers imported from Japan in 1964. The mer-

chandise was assessed with duty by the Government at the rate of 19 per centum ad valorem under the provision in item 657.20 of the Tariff Schedules of the United States (TSUS) for "Other" articles of iron or steel, not coated or plated with precious metal.

Plaintiffs claim that the diggers should have been assessed at the rate of 7.5 per centum ad valorem under the provision in item 648.51, TSUS, for "shovels".

Defendant has conceded that the collector erroneously classified the merchandise under item 657.20; and contends that the articles are properly dutiable at the rate of 17 per centum ad valorem under the provision in item 651.47 for "Other" hand tools of iron or steel.

We overrule the protest, without affirming the Government's classification.

### 1.

The imported articles are hand tools specially designed and constructed for digging holes in the ground, primarily to install fence posts. These tools are comprised of two handles and two curved metal blades joined by a bolt, and are used in the following manner: The tool is gripped by the handles with the blades pointed toward the ground. The post-hole digger is raised and then thrust into the ground with the user holding the handles together. After the blades penetrate the ground, the handles are separated enclosing the soil in the blades. The tool then is lifted vertically and carried to the side of the hole, and the earth is deposited on the ground or in some container. By pushing the handles together, the blades are opened, thus releasing the soil from the tool. The entire process as described above is repeated until a hole is dug to the desired depth.

### 2.

The sole issue herein is, simply, whether the post-hole diggers come within the *eo nomine* provision for "shovels" in item 648.51, TSUS, as claimed by plaintiffs. This question requires a determination of the common meaning of the term "shovels", which is a matter of law to be determined by the court. In making such determination the court may rely upon: its own understanding of the term used; lexicographical and other authorities; the testimony of witnesses; or such other means as may be available. *United States* v. *John B. Stetson Co.*, 21 CCPA 3, T.D. 46319 (1933). Any testimony offered as to the common meaning of a statutory term is merely advisory, and is not binding upon the court. *United States* v. *O. Brager-Larsen*, 36 CCPA, 1, C.A.D. 388 (1948).

Indicative of the common understanding of the term "shovel" are the following definitions:

*Funk & Wagnalls New "Standard" Dictionary of the English Language* (1952) :
shovel * * * 1 : A flattened scoop with a handle used to lift and throw earth, coal, or other loose substance, or for digging; as a snow-*shovel.* * * *

*Webster's Third New International Dictionary of the English Language* (Unabridged 1966) :
shovel * * * 1 a : a hand implement consisting of a broad scoop or a more or less hollowed out blade with a handle used to lift and throw material (as earth, coal, grain) * * *

*Audels Mechanical Dictionary* (1942) :
Shovel. – An instrument consisting of a broad scoop or blade, more or less hollow, with a handle, used for throwing coal, earth or similar loose substances.

*Knight's American Mechanical Dictionary* (1876), Vol. III, p. 2168:
Shovel. An implement having a hollowed blade and provided with a handle; used for raising earth or other material.

The mechanical character of a shovel consists in its adaptation for lifting and throwing loose matter. * * *

From the foregoing definitions, we are clear that a shovel is characterized by a *single* handle and blade, and by its capacity for lifting and *throwing* materials.[1] The post-hole diggers differ significantly from the shovel both in their physical characteristics and in their use. The diggers are, of course, capable of *carrying* soil to a place of deposit (normally a short distance to the side of the hole being dug) ; but obviously, the diggers are not intended for use in *throwing* materials,[2] as are shovels.

Additionally, the following definitions are pertinent inasmuch as the importation is commonly known as a "post-hole digger":

*Webster's Third New International Dictionary of the English Language* (Unabridged, 1966) :
post-hole digger * * * : a tool for digging postholes; *esp:* one operated from the power takeoff on a tractor.

*Funk & Wagnalls New "Standard" Dictionary of the English Language* (1952) :
post-hole: * * * A hole in the ground for a fence-post.—post-hole borer, a post-hole auger. See illus. under AUGER.— p. digger, *a device for digging post-holes, having spade-like flanges.* [Emphasis added.]

---

[1] In *Castelazo & Associates, Famous Jobbing Co., Inc.* v. *United States,* 61 Cust. Ct. 391, C.D. 3639, 294 F. Supp. 81 (1968), the classification of a folding pick and shovel was in issue. This court, after considering the dictionary definition of a shovel, stated (at 394) : "* * * That which distinguishes a shovel from other tools employed to manipulate earth and other substances is its capacity to lift and throw such materials. * * *".

[2] Indeed, it would be extremely awkward, if not impossible, to use it for that purpose.

Significantly, in neither of the latter two definitions is a post-hole digger referred to as a shovel. Moreover, there is not even a cross-reference to "shovels", but rather the cross-reference is to *"auger."* Cf. *F. B. Vandegrift & Company, Inc.* v. *United States,* 34 Cust. Ct. 228, C.D. 1708 (1955).

3.

In support of their position, plaintiffs rely upon the fundamental rule of construction that an *eo nomine* designation, without limitation, includes all forms of the article. See *Nootka Packing Co. et al.* v. *United States,* 22 CCPA 464, T.D. 47464 (1935) ; *United States* v. *Page N. Goffigon,* 43 CCPA 172, C.A.D. 625 (1956). But since we do not regard the post-hole diggers as a form of shovel, the above rule is inapposite.

Plaintiffs also rely upon a line of cases for the proposition that "[t]ariff terms descriptive of an article embrace all improved models or versions of the original article". *United Carr Fastener Corporation* v. *United States (Northern Screw Corp., Party in Interest),* 54 CCPA 89, C.A.D. 913 (1967) ; *United States* v. *National Carloading Corp., James S. Baker Import Co.,* 48 CCPA 70, C.A.D. 767 (1961) ; *Nomura (America) Corp.* v. *United States,* 62 Cust. Ct. 524, C.D. 3820, 299 F. Supp. 535 (1969), *aff'd* 58 CCPA 82, C.A.D. 1007 (1971) ; *Household Mfg. Co.* v. *United States,* 62 Cust. Ct. 198, C.D. 3729, 296 F. Supp. 323 (1969) ; *Fred Roberts Co.* v. *United States,* 46 Cust. Ct. 254, C.D. 2265 (1961).

However, in our opinion, a post-hole digger is not an improved model or version of a shovel; and consequently, we do not find any of the foregoing cases apposite.

In summary, the post-hole diggers do not come within the common meaning of the term "shovels" in item 648.51, TSUS, as claimed by plaintiffs.

We have noted, too, that there is no evidence that post-hole diggers are bought, sold or advertised in the trade as "shovels".

For the reasons expressed herein, the protest is overruled, without affirming the Government's classification. Judgment will issue accordingly.